**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an
    amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | **Your assets** Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B............................................................ | $ 295,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B.................................................... | $ 144,158.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................................. | $ 439,158.00 |

### Part 2:    Summarize Your Liabilities

| | **Your liabilities** Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 297,187.15 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ 27,380.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 24,305.08 |
| **Your total liabilities** | $ 348,872.23 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*................................................................ | $ 10,359.19 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*........................................................... | $ 8,961.58 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    *Michael George Perry, Jr.*                                    Case number *(if known)*   *19-10234 TPA*

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                                              $ _____ *10,359.19*

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ *0.00* |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ *27,380.00* |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ *0.00* |
| 9d. Student loans. (Copy line 6f.) | $ _____ *10,000.00* |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ *0.00* |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ *0.00* |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ *37,380.00* |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| **Fill in this information to identify your case and this filing:** | | | |
|---|---|---|---|

| Debtor 1 | *Michael George Perry, Jr.* | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA | | |
| Case number | *19-10234 TPA* | | |

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

| 1.1 | *1140 Robison Road* | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

1.1

*1140 Robison Road*
Street address, if available, or other description

*Erie*          **PA**      *16509-0000*
City          State      ZIP Code

*Erie*
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$185,000.00* | *$185,000.00* |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

*Fee Simple*

☐ **Check if this is community property**
(see instructions)

Debtor 1    *Michael George Perry, Jr.*                                    Case number *(if known)*    **19-10234 TPA**

---

1.2

*If you own or have more than one, list here:*

**430-432 Cascade Street**
Street address, if available, or other description

**Erie**            **PA**        **16507-0000**
City                State        ZIP Code

**Erie**
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☒ Other    *Bar*

**Who has an interest in the property?** Check one

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

*Property is owned jointly with Gregory D. Pamula.*

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
**$50,000.00**                        **$25,000.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
*Joint Tenant*

☐ **Check if this is community property** (see instructions)

---

1.3

*If you own or have more than one, list here:*

**1631 West 21st Street**
Street address, if available, or other description

**Erie**            **PA**        **16502-0000**
City                State        ZIP Code

**Erie**
County

**What is the property?** Check all that apply

☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

*This property is being sold on a land contract to Travis Lewis, who owes approximately $75,000.00.*

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
**$85,000.00**                        **$85,000.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
*Fee Simple*

☐ **Check if this is community property** (see instructions)

---

2.    **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..........................................................................=>    **$295,000.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

Debtor 1    **_Michael George Perry, Jr._**    Case number *(if known)*    _19-10234 TPA_

---

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | *Chevrolet* | **Who has an interest in the property?** *Check one* | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1    Make: *Chevrolet*
Model: *Silverado 3500*
Year: *2011*
Approximate mileage:
Other information:

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$20,200.00    $20,200.00

---

3.2    Make: *JACO*
Model: *RV*
Year: *2002*
Approximate mileage:
Other information:

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$8,000.00    $8,000.00

---

3.3    Make: *Chevrolet*
Model: *Lindy*
Year: *1982*
Approximate mileage:
Other information:

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$2,500.00    $2,500.00

---

3.4    Make: *Fleetwood*
Model: *Terry*
Year: *2007*
Approximate mileage:
Other information:

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$4,000.00    $4,000.00

---

3.5    Make: *Ford*
Model: *Food Trailer*
Year: *2016*
Approximate mileage:
Other information:

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$9,000.00    $9,000.00

---

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | *Michael George Perry, Jr.* | Case number *(if known)* | *19-10234 TPA* |
|---|---|---|---|

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here..........................................................=>    **$43,700.00**

**Part 3:**   Describe Your Personal and  Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| *Usual and Ordinary Household Goods and Furnishings* | *$4,000.00* |
|---|---|

**7. Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
   including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

| *Usual and Ordinary Electronics* | *$1,600.00* |
|---|---|

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
   other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
   musical instruments
   ■ No
   ☐ Yes.  Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes.  Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes.  Describe.....

| *Usual and Ordinary Wearing Apparel* | *$300.00* |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ■ No
   ☐ Yes.  Describe.....

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ■ Yes.  Describe.....

| *3 Dogs* | *$1.00* |
|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

| Debtor 1 | _Michael George Perry, Jr._ | Case number *(if known)* | _19-10234 TPA_ |
|---|---|---|---|

14. **Any other personal and household items you did not already list, including any health aids you did not list**

■ No

☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| $5,901.00 |
|---|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

16.  **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

■ Yes.................................................................................................................

| *Cash* | $56.00 |
|---|---|

17.  **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes........................      Institution name:

| 17.1. | *Savings* | *Savings Account @ Northwest Savings Bank* | $17,000.00 |
|---|---|---|---|

18.  **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................      Institution or issuer name:

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them...................      Name of entity:                    % of ownership:

20.  **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them      Issuer name:

21.  **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.      Type of account:      Institution name:

22.  **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. .....................      Institution name or individual:

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes.............      Issuer name and description.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor 1    *Michael George Perry, Jr.*                          Case number *(if known)*    **19-10234 TPA**

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ☐ No
    ■ Yes.  Give specific information..

| | |
|---|---|
| *Steven Dick Account Receivable in connection with a food trailer* | *$2,500.00* |
| *Travel Lewis/Balance Due on Land Contract for real estate located at 1631 West 21st Street, Erie, Pennsylvania* | *$75,000.00* |

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
               Company name:                    Beneficiary:                    Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Michael George Perry, Jr.**                                      Case number *(if known)*    **19-10234 TPA**

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    - ☐ No
    - ■ Yes.  Describe each claim.........

    | Equitable Distribution Claim vs. Stephanie Perry | *$1.00* |
    |---|---|

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    - ■ No
    - ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    - ■ No
    - ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................    **$94,557.00**

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
    - ■ No. Go to Part 6.
    - ☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    - ■ No. Go to Part 7.
    - ☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    - ■ No
    - ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here ....................................    **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55. **Part 1: Total real estate, line 2** .....................................................................    **$295,000.00**
56. **Part 2: Total vehicles, line 5**                                          **$43,700.00**
57. **Part 3: Total personal and household items, line 15**            **$5,901.00**
58. **Part 4: Total financial assets, line 36**                            **$94,557.00**
59. **Part 5: Total business-related property, line 45**                    **$0.00**
60. **Part 6: Total farm- and fishing-related property, line 52**        **$0.00**
61. **Part 7: Total other property not listed, line 54**            +        **$0.00**

62. **Total personal property. Add lines 56 through 61...**        **$144,158.00**    Copy personal property total    **$144,158.00**

63. **Total of all property on Schedule A/B. Add line 55 + line 62**                        **$439,158.00**

Michael George Perry, Jr.
Case No. 19-10234 TPA
Attachment to Schedules A/B

### 1140 Robison Road West, Erie, Pennsylvania 16509

The real estate located at 1140 Robison Road West, Erie, Pennsylvania 16509 acquired by virtue of a Deed dated December 17, 2012 and recorded on December 18, 2012 at Erie County Instrument No. 2012-134356 for a purchase price of $175,000.00 subject to a Mortgage in favor of Mortgage Electronic Registration Systems, Inc./Liberty Mortgage Corporation dated December 17, 2012 and recorded on December 18, 2012 at Erie County Instrument No. 2012-034357 in the face amount of $171,830.00 and an Assignment of Mortgage in favor of M&T Bank dated September 7, 2017 and recorded on September 22, 2017 at Erie County Instrument No. 2017-02564.

### 430-432 Cascade Street, Erie, Pennsylvania 16507

A one-half ( ½ ) interest in the real estate located at 430-432 Cascade Street, Erie, Pennsylvania 16507 acquired by virtue of a Deed dated May 21, 2013 and recorded on May 22, 2013 at Erie County Instrument No. 2013-12646 for a purchase price of $90,000.00 subject to a Mortgage in favor of Michael Camesi dated May 21, 2013 and recorded on May 22, 2013 at Erie County Instrument No. 2013-012647 in the face amount of $120,000.00.

### 1631 West 21st Street, Erie, Pennsylvania 16502

The real estate located 1631 West 21st Street, Erie, Pennsylvania 16502 acquired by virtue of a Deed dated May 16, 2005 and recorded on May 17, 2005 in Erie County Record Book 1234, Page 1295 for a purchase price of $79,500.00 subject to a Mortgage in favor of Mortgage Electronic Registration, Inc./WMC Mortgage Corporation dated May 16, 2005 and recorded on May 17, 2005 in Erie County Record Book 1234, Page 1300 in the face amount of $63,600.00 and a Second Mortgage in favor of WMC Mortgage Corporation dated May 6, 2005 and recorded on May 17, 2005 in Erie County Record Book 1234, Page 1319 in the face amount of $15,900.00.

#1198931

**Address: 1140 ROBISON RD**         **Owner: PERRY MICHAEL G JR**         **Parcel: 40005070000800**

| | |
|---|---|
| Parcel Profile | |
| Address | 1140 \| ROBISON \| RD |
| Street Status | PAVED |
| School District | FORT LEBOEUF SCHOOL |
| Acreage | 5.0000 |
| Classification | R |
| Land Use Code | SINGLE FAMILY |
| Legal Description | 1140 ROBISON RD 5 AC |
| Square Feet | 1204 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 2012 |
| Deed Page | 034356 |
| 2019 Tax Values | |
| Land Value / Taxable | 49,600 / 49,600.00 |
| Building Value / Taxable | 71,070 / 71,070.00 |
| Total Value / Taxable | 120,670 / 120,670.00 |
| Clean & Green | Inactive |

| Homestead Status | Active |
|---|---|
| Farmstead Status | Inactive |
| LERTA Available | No |

Residential Data

**Card 1**

| Style | RANCH |
|---|---|
| Basement | FULL |
| Year Built | 1950 |
| Exterior Wall | ALUMINUM/VINYL |
| Total Living Area | 1204 |
| Full Baths | 1 |
| Half Baths | 0 |
| Fuel Type | GAS |
| Heating | CENTRAL |
| Heating System | FORCED AIR |
| Stories | 1.0 |
| Total Bedrooms | 3 |
| Total Family Rooms | 0 |
| Total Rooms | 5 |
| Fireplaces | 0 |

Other Buildings & Yards
*No OBY Data Found*

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|---|---|---|---|---|---|---|

| 12/18/2012 | PILLAR NICHOLAS | PERRY MICHAEL G JR | LAND & BUILDING | 175000 | 2012 / 034356 | DEED |
| 5/16/1951 | | PILLAR NICHOLAS | | 0 | 0593 / 0288 | |

# Parcel Sketches

# Residential Card 1



| A | MAIN | 1204 square feet |
| B | EFP ENCL FRAME PORCH | 80 square feet |
| C | FR GR FRAME GARAGE | 440 square feet |
| D | MA_PT CONC/MAS PATIO | 52 square feet |

# Parcel Images



# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie**
**school taxes, the total for Year 2012 (school tax column) will now include the total amounts**
**for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2019 | 689.03 | 71.20 | 0 | 0 | 760.23 |
| 2018 | 652.82 | 71.20 | 1315.60 | 0 | 2039.62 |
| 2017 | 652.82 | 71.20 | 1315.67 | 0 | 2039.69 |
| 2016 | 622.66 | 71.20 | 1270.62 | 0 | 1964.48 |
| 2015 | 594.90 | 71.20 | 1229.18 | 0 | 1895.28 |

| 2014 | 594.90 | 71.20 | 1196.22 | 0 | 1862.32 |
|------|--------|-------|---------|---|---------|
| 2013 | 594.90 | 71.20 | 1196.26 | 0 | 1862.36 |
| 2012 | 559.32 | 64.72 | 1080.03 | 0 | 1704.07 |
| 2011 | 559.32 | 64.72 | 1075.08 | 0 | 1699.12 |
| 2010 | 559.32 | 64.72 | 1071.76 | 0 | 1695.80 |
| 2009 | 503.85 | 64.72 | 1063.93 | 0 | 1632.50 |
| 2008 | 480.74 | 64.72 | 1050.66 | 0 | 1596.12 |
| 2007 | 457.63 | 64.72 | 1253.62 | 0 | 1775.97 |
| 2006 | 457.63 | 64.72 | 1253.62 | 0 | 1775.97 |
| 2005 | 432.67 | 64.72 | 1253.62 | 0 | 1751.01 |
| 2004 | 432.67 | 67.49 | 1253.62 | 0 | 1753.78 |
| 2003 | 425.27 | 67.49 | 1068.72 | 0 | 1561.48 |

# Delinquent Taxes

*No Delinquent Taxes*

---

# Owner Info

**PARCEL ID:** 40-005-070.0-008.00
**OWNER 1:**   PERRY MICHAEL G JR
**OWNER 2:**
**ADDRESS 1:** 1140 ROBISON RD E
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:**      ERIE
**STATE:**     PA
**ZIP 1:**     16509
**ZIP 2:**     5346
**LEGAL 1:**   1140 ROBISON RD 5 AC
**LEGAL 2:**
**LEGAL 3:**

0 I 6086

BK I 2 3 4 PG I 295

**Warranty Deed**

# THIS INDENTURE, Made the

<u>16th</u>    day of    <u>May</u>  in the year of our Lord    TWO THOUSAND FIVE  (2005)

**BETWEEN**

**Michael P. Flanagan and Christina M. Flanagan, husband and wife,** of the City of Erie, County of Erie, Commonwealth of Pennsylvania, Parties of the First Part,

**AND**

~~**Michael G. Perry, Jr., single, of the City of Erie, County of Erie,**~~ **Commonwealth of Pennsylvania, Party of the Second Part**

2005 MAY 17  P I: 36 05
RECORDER OF DEEDS
ERIE COUNTY, PA.

Witnesseth,  That the said party of the first part, for and in consideration of the sum of

### Seventy Nine Thousand Five Hundred  Dollars and 00 Cents--- ($79,500.00)----

Dollars, lawful money of the United States, to     them    in hand paid by the said party of the second part, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, has/have granted, bargained, sold, released and confirmed, and by these presents do/does grant, bargain, sell, release and confirm unto the said party of the second part, and to his, her, their, its heirs/successors and assigns,

    **ALL** that certain piece or parcel of land situate in the City of Erie, County of Erie and Commonwealth of Pennsylvania, and being Lot No. Twelve (12) in Block "A" of the Hemmerly & Metz Subdivision, recorded in Erie county Deed Book 224, page 548.

    **SAID** premises having erected thereon a dwelling commonly known as 1631 West 21st Street, Erie, Pennsylvania, 16502, and being further identified by Erie County Assessment Index Number (19) 6206-310.

RECEIPT FOR PAYMENT   BK1234 PG1296
=====================

Erie County - Recorder of Deeds
Courthouse: 140 West Sixth St
Erie, Pa 16501

Receipt Date:    5/17/2005

Receipt Time:    13:40:10

Receipt No.:      722989

--- Instrument Number: 2005-016086   DWB      Book#:  1234   Page#:  1295     ---

Paid By Remarks:    NC/PERRY
                    RT/1:36PM  AW

---------------------- Receipt Distribution -------------------------

| Fee/Tax Description | Payment Amount | Payee Name |
| --- | --- | --- |
| DEED | 13.00 | ERIE COUNTY GENERAL FUND |
| DEED - WRIT | .50 | BUREAU OF RECEIPTS & CNTR M.D |
| DEED - RTT STATE | 795.00 | BUREAU OF RECEIPTS & CNTR M.D |
| DEED - RTT SCHOOL | 397.50 | ERIE SCHOOL DISTRICT |
| DEED - RTT LOCAL | 397.50 | CITY OF ERIE |
| LOW INCOME HOUSING | 10.50 | ERIE COUNTY LOW INCOME HOUSIN |
| J.C.S. / A.T.J | 10.00 | BUREAU OF RECEIPTS & CNTR M.D |
| CO REC MGT ACCT | 2.00 | ERIE CO RECORD MGT ACCOUNT |
| ROD REC MGT ACCT | 3.00 | ERIE CO ROD RECORD MGT ACCT |

                         ----------------
Check# 400               $1,629.00
Total Received........    $1,629.00

BK1234 PG1297

**BEING** the same premises conveyed to Parties of the First Part by deed dated February 25, 2003 and recorded March 3, 2003 in Erie County Record Book 983, page 284.

**THIS DEED** is taken under and subject to easements, restrictions and rights of way of record and/or those that are visible to a physical inspection.

**PARTIES** of the first part have no actual knowledge of any hazardous waste, as defined in Act No. 1980-97 of the Commonwealth of Pennsylvania, having been or presently being disposed of on or about the property described in this deed.

2

BK1234 PG1298

**TOGETHER** with all and singular, the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues, and profits thereof; and also, all the estate and interest whatsoever of the said party of the first part, in law or equity, of, in to or out of the same;

**TO HAVE AND TO HOLD**   the same, together with the premises hereby granted, or intended so to be, unto the said party of the second part, his, her, their, its, heirs/successors, and assigns, to the use of the said party of the second part, his, her, their, its, heirs/successors, and assigns, forever. And the said party of the first part, his, her, their, its, heirs/successors, executors and administrators, do/does hereby covenant and agree to and with the said party of the second part, his, her, their, its, heirs/successors, and assigns, that the said party of the first part, his, her, their, its, heirs/successors, and assigns, all the above, together with the above mentioned and described premises, unto the said party of the second part, his, her, their, its, heirs/successors, and assigns, against the said party of the first part and his, her, their, its, heirs/successors, and assigns, and against all and every other person or persons whomsoever lawfully claiming or to claim the same

shall and will **SPECIALLY  WARRANT** and forever **DEFEND** by these presents.

**IN Witness Whereof,**   the said party(ies) of the first part has/have hereunto set his/her/their hand(s) and seal(s) the day and year first above written.

**SIGNED, SEALED and DELIVERED**
     in the presence of

_____        Michael P. Flanagan

                                        Christina M. Flanagan

_____        _____

                                        _____

3

**COMMONWEALTH OF PENNSYLVANIA** )
)
) ss.          BK1234 PG1299
)

**County of   ERIE** )

On this 16th day of May, 2005, before me, the undersigned officer, personally appeared **Michael P. Flanagan and Christina M. Flanagan, husband and wife,** known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission expires:

---

NOTARIAL SEAL
Michael G. Nelson, Notary Public
Millcreek Twp., Erie County
My commission expires July 18, 2008

Title of Officer

---

I, **Resource Settlement,** hereby certify that the residence of the within named Grantee is

*1631 W. 21st Street*

*Erie, PA 16502*

4

**Address: 430 32 CASCADE ST**    **Owner: PAMULA GREGORY D ET PERRY MICHAEL G**    **Parcel: 17040032020000**

| Parcel Profile | |
|---|---|
| Address | 430 \| 32 \| CASCADE \| ST |
| Street Status | PAVED |
| School District | CITY OF ERIE SCHOOL |
| Acreage | 0.0671 |
| Classification | C |
| Land Use Code | RESTAURANTS, STORES (RETAIL) |
| Legal Description | 430 32 CASCADE ST 45 X 65 |
| Square Feet | 3194 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 2013 |
| Deed Page | 012646 |
| 2019 Tax Values | |
| Land Value / Taxable | 5,900 / 5,900.00 |
| Building Value / Taxable | 70,400 / 70,400.00 |
| Total Value / Taxable | 76,300 / 76,300.00 |
| Clean & Green | Inactive |
| Homestead Status | Inactive |

| Farmstead Status | Inactive |
|---|---|
| LERTA Available | No |
| Commercial Data | |
| Card 1 | BAR/LOUNGE |
| | Business Living Area - 3194 |
| | Year Built - 1882 |
| | Improvement Name - VINNIPEPS GRILLE |
| | Value - 82820 |

Other Buildings & Yards
*No OBY Data Found*

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|---|---|---|---|---|---|---|
| 5/22/2013 | CAMESI MICHAEL | PAMULA GREGORY D ET PERRY MICHAEL G | LAND & BUILDING | 90000 | 2013 / 012646 | DEED |
| 7/13/2006 | TIVOLI TAVERN PARTNERSHIP ET BAGNONI | CAMESI MICHAEL | LAND & BUILDING | 60000 | 1344 / 0468 | WARRANTY/SURVIVORSHIP DEED |
| 9/14/2005 | TIVOLI TAVERN PARTNERSHIP ET BAGNONI | TIVOLI TAVERN PARTNERSHIP ET BAGNONI | LAND & BUILDING | 0 | 1269 / 1454 | QUIT CLAIM DEED |
| 7/2/2003 | CULP ROBERT E | TIVOLI TAVERN PARTNERSHIP ET BAGNONI | LAND & BUILDING | 0 | 1030 / 2079 | SHERIFF'S DED |
| 12/1/2000 | | TIVOLI TAVERN PARTNERSHIP ETAL | LAND & BUILDING | 64900 | 740 / 2077 | |

# Parcel Sketches

## Commercial Card 1



| A | MAIN | 600 square feet |
|---|------|-----------------|
| B | MAIN | 1994 square feet |
| C | MAIN | 1200 square feet |

# Parcel Images



# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie school taxes,**
**the total for Year 2012 (school tax column) will now include the total amounts for both the 2011-12**
**AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2019 | 435.67 | 888.90 | 0 | 0 | 1324.57 |
| 2018 | 412.78 | 888.13 | 1281.07 | 0 | 2581.98 |
| 2017 | 412.78 | 888.90 | 1274.70 | 0 | 2576.38 |
| 2016 | 393.71 | 888.90 | 1268.36 | 0 | 2550.97 |
| 2015 | 376.16 | 888.90 | 1268.36 | 0 | 2533.42 |
| 2014 | 376.16 | 827.86 | 1268.36 | 0 | 2472.38 |

| 2013 | 376.16 | 827.86 | | 1268.36 | 0 | 2472.38 |
|------|--------|--------|---|---------|---|---------|
| 2012 | 382.97 | 829.23 | | 2375.34 | 0 | 3587.54 |
| 2011 | 382.97 | 724.79 | | 1126.90 | 0 | 2234.66 |
| 2010 | 382.97 | 724.79 | | 1080.45 | 0 | 2188.21 |
| 2009 | 344.99 | 724.79 | | 1080.45 | 0 | 2150.23 |
| 2008 | 329.16 | 724.79 | | 1080.45 | 0 | 2134.40 |
| 2007 | 313.34 | 724.79 | | 1080.45 | 0 | 2118.58 |
| 2006 | 313.34 | 646.29 | | 1080.45 | 0 | 2040.08 |
| 2005 | 296.24 | 614.64 | | 1039.30 | 0 | 1950.18 |
| 2004 | 296.24 | 614.64 | | 1039.30 | 0 | 1950.18 |
| 2003 | 291.18 | 627.30 | | 1039.30 | 0 | 1957.78 |

# Delinquent Taxes

| Tax Year 2005 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---------------|-----|---------|----------|-------|-----------|---------|
| COUNTY | 296.24 | 29.62 | 14.66 | 340.52 | 340.52 | 0.00 |
| TWP/BORO/CITY | 614.64 | 61.46 | 30.42 | 706.52 | 706.52 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,039.32 | 103.93 | 51.45 | 1,194.70 | 1,194.70 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 68.00 | 68.00 | 0.00 |
| | | | | | **2005 Total Due:** | **$0.00** |

| Tax Year 2014 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---------------|-----|---------|----------|-------|-----------|---------|
| COUNTY | 376.16 | 37.62 | 62.07 | 475.85 | 475.85 | 0.00 |
| TWP/BORO/CITY | 827.86 | 82.79 | 136.60 | 1,047.25 | 1,047.25 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,268.36 | 126.84 | 209.28 | 1,604.48 | 1,604.48 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 296.00 | 296.00 | 0.00 |
| | | | | | **2014 Total Due:** | **$0.00** |

| Tax Year 2015 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 376.16 | 37.62 | 49.65 | 463.43 | 463.43 | 0.00 |
| TWP/BORO/CITY | 888.90 | 88.89 | 117.33 | 1,095.12 | 1,095.12 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,268.36 | 126.84 | 167.42 | 1,562.62 | 1,562.62 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 75.00 | 75.00 | 0.00 |

**2015 Total Due:  $0.00**

| Tax Year 2016 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 393.70 | 39.37 | 19.49 | 452.56 | 452.56 | 0.00 |
| TWP/BORO/CITY | 888.90 | 88.89 | 44.00 | 1,021.79 | 1,021.79 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,268.36 | 126.84 | 62.78 | 1,457.98 | 1,457.98 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 75.00 | 75.00 | 0.00 |

**2016 Total Due:  $0.00**

| Tax Year 2016 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TWP/BORO/CITY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,268.36 | 126.84 | 70.15 | 1,465.35 | 1,465.35 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 226.00 | 226.00 | 0.00 |

**2016 Total Due:  $0.00**

| Tax Year 2017 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 412.78 | 41.28 | 47.68 | 501.74 | 0.00 | 501.74 |
| TWP/BORO/CITY | 888.90 | 88.89 | 102.67 | 1,080.46 | 0.00 | 1,080.46 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,274.70 | 127.47 | 147.23 | 1,549.40 | 0.00 | 1,549.40 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 0.00 | 0.00 | 75.00 |

**2017 Total Due:     $3,206.60**

| Tax Year 2018 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 412.78 | 41.28 | 6.81 | 460.87 | 0.00 | 460.87 |
| TWP/BORO/CITY | 888.14 | 88.81 | 14.65 | 991.60 | 0.00 | 991.60 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,281.07 | 128.11 | 21.14 | 1,430.32 | 0.00 | 1,430.32 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 0.00 | 0.00 | 75.00 |

**2018 Total Due:     $2,957.79**

**Grand Total Due:     $6,164.39**

Pay Delinquent Taxes

# Owner Info

**PARCEL ID:** 17-040-032.0-200.00
**OWNER 1:**     PAMULA GREGORY D ET PERRY MICHAEL G
**OWNER 2:**
**ADDRESS 1:** 430 CASCADE ST
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:**     ERIE
**STATE:**     PA

Erie County, Pennsylvania

Page 8 of 8

**ZIP 1:**       16507
**ZIP 2:**       1026
**LEGAL 1:**   430 32 CASCADE ST 45 X 65
**LEGAL 2:**
**LEGAL 3:**

*THIS INDENTURE MADE THE* 21st day of May in the year of our Lord
Two Thousand Thirteen (2013)

*BETWEEN*    **MICHAEL CAMESI, Single,** of the Township of Summit, County of
Erie and Commonwealth of Pennsylvania, party of the first part;

**AND**

**GREGORY D. PAMULA, Single,** of the City of Erie and MICHAEL G.
**PERRY, married,** of the Township of Millcreek, both of the County
of Erie and Commonwealth of Pennsylvania, as tenants in Common,
parties of the second part;

*WITNESSETH,* That the said party of the first part, for and in consideration of the sum of

Ninety Thousand ($90,000.00) ----------------------------------------------------------------Dollars,
lawful money of the United States, to him in hand paid by the said party of the second part, at
and before the ensealing and delivery of these presents, the receipt and payment whereof is
hereby acknowledged, has/have granted, bargained, sold, released and confirmed, and by these
presents do/does grant, bargain, sell, release and confirm unto the said party of the second part,
and to his, her, their, its, heirs/successors and assigns,

**ALL** that certain piece or parcel of land situate in the City of Erie, County of Erie, and
Commonwealth of Pennsylvania, bounded and described as follows, to-wit: All that certain
piece or parcel of land situate in the Fourth Ward of the City of Erie, County of Erie,
Commonwealth of Pennsylvania, bounded and described as follows, to-wit: Beginning at the
intersection of the West line of Cascade Street, Forty-five (45) feet to a point; thence in a
Westwardly direction parallel with the North line of West Fifth Street, Sixty-five (65) feet to a
point; thence in a Southwardly direction parallel with the North line of Cascade Street, Forty-five
(45) feet to a point in the North line of West Fifth Street; thence Eastwardly, along the North line
of West Fifth Street, Sixty-five (65) feet to the place of beginning. Said premises having erected
thereon a frame building commonly known as 430-432 Cascade Street, Erie, PA 16507, and
bearing Erie County tax Index No. (17) 4032-200.

The First Party has no actual knowledge of any hazardous waste, as defined in Act No. 1980-97
of the Commonwealth of Pennsylvania, having been disposed, and none is presently being
disposed, on or about the property described in this deed.

This conveyance is made subject to all restrictions, rights-of-way, building lines of record and to
all easements and rights-of-way visible and discoverable upon inspection of the premises.

Being the same premises conveyed to first party by deed dated July 7, 2006 and recorded
July 13, 2006 in Erie County Record Book 1344, page 468 and further identified as Instrument
No. 2006-021796.

*TOGETHER* with all and singular the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues and profits thereof; and also, all the estate and interest whatsoever of the said party of the first part, in law or equity, of, in, to or out of the same;

*TO HAVE AND TO HOLD* the same, together with the premises hereby granted, or intended so to be, unto the said party of the second part, his, her, their its, heirs/successors, and assigns, to the use of the said party of the second part, his, her, their, its, heirs/successors, and assigns, forever. And the said party of the first part, his, her their, its, heirs/successors, executors and administrators, do/does hereby covenant and agree to and with the said party of the second part, his, her, their, its, heirs/successors, and assigns, that the said party of the first part, his, her their, its, heirs/successors, and assigns, all the above, together with the above mentioned and described premises, unto the said party of the second part, his, her, their, its, heirs/successors, and assigns, against the said party of the first part and his, her their, its, heirs/successors, and assigns, and against all and every other person or persons whomsoever lawfully claiming or to claim the same and shall and will warrant specially and forever DEFEND by these presents.

*IN WITNESS WHEREOF,* the said party(ies) of the first part has/have hereunto set his/her/their hand(s) and seal(s) the day and year first above written.

SIGNED, SEALED and DELIVERED
    in the presence of

_____ (SEAL)
Michael Camesi

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

STATE OF PENNSYLVANIA        :

                                                    ss,

COUNTY OF ERIE              :

On this, the $2\ 1$ day of May 2013, before me, a Notary Public, the undersigned officer, personally appeared **Michael Camesi, Single,** known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I have hereunto set my hand and official seal.

_____
Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Richard A. Vendetti, Notary Public
City of Erie, Erie County
My commission expires December 03, 2013

I, _____, hereby certify that the residence of the within named
Grantee is

430 CAJZMOB M
ENNS, PA 16507



**2013-012646**

# RECORDER OF DEEDS DIVISION
ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET◆ERIE, PENNSYLVANIA 16512
PHONE: (814) 451-6246 FAX: (814) 451-6213 EMAIL: recorder@eriecountygov.org

**PATRICK L. FETZNER**
**CLERK OF RECORDS**

Instrument Number: 2013-012646

Instrument Type:   DEED

Record Date:    5/22/2013

Record Time:    03:48:28

Receipt No.:    1040024

| Receipt Distribution | |
|---|---|
| Fee/Tax Description | Payment Amount |
| DEED | 13.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | 900.00 |
| ERIE S.D. | 450.00 |
| CITY OF ERIE | 450.00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| | ---------------- |
| Check# 7843 | $1,852.50 |
| | |
| Total Received........ | $1,852.50 |

Recording Page Count:   4

Paid By Remarks: VENDETTI/PAMULA
RS

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

---

**Certification Page**
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

**Address: 1631 W 21 ST**          **Owner: PERRY MICHAEL G JR**          **Parcel: 19062006031000**

## Parcel Profile

| | |
|---|---|
| Address | 1631 \| W \| 21 \| ST |
| Street Status | PAVED |
| School District | CITY OF ERIE SCHOOL |
| Acreage | 0.1272 |
| Classification | R |
| Land Use Code | SINGLE FAMILY |
| Legal Description | 1631 W 21 ST 41X135.1 |
| Square Feet | 862 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 1234 |
| Deed Page | 1295 |

## 2019 Tax Values

| | |
|---|---|
| Land Value / Taxable | 17,600 / 17,600.00 |
| Building Value / Taxable | 58,020 / 58,020.00 |
| Total Value / Taxable | 75,620 / 75,620.00 |
| Clean & Green | Inactive |

| | |
|---|---|
| Homestead Status | Inactive |
| Farmstead Status | Inactive |
| LERTA Available | No |

Residential Data

**Card 1**

| | |
|---|---|
| Style | CAPE |
| Basement | FULL |
| Year Built | 1952 |
| Exterior Wall | ALUMINUM/VINYL |
| Total Living Area | 862 |
| Full Baths | 1 |
| Half Baths | 0 |
| Fuel Type | GAS |
| Heating | CENTRAL |
| Heating System | FORCED AIR |
| Stories | 1.0 |
| Total Bedrooms | 2 |
| Total Family Rooms | 1 |
| Total Rooms | 5 |
| Fireplaces | 0 |

Other Buildings & Yards

| Description | Built | Width | Length | Area |
|---|---|---|---|---|
| FRAME OR CB DETACHED GARAGE | 1952 | 12 | 22 | 264 |

## Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|-----------|------|-----|------|-------|-------------|------------|
| 5/17/2005 | FLANAGAN MICHAEL P UX CHRISTINA M | PERRY MICHAEL G JR | LAND & BUILDING | 79500 | 1234 / 1295 | WARRANTY/SURVIVORSHIP DEED |
| 3/3/2003 | FLANAGAN CHRISTINA ET CONSTANC | FLANAGAN MICHAEL P UX CHRISTINA M | LAND & BUILDING | 0 | 982 / 284 | AFFIDAVIT |
| 7/21/1997 | | | | 0 | 0509 / 1524 | |

# Parcel Sketches

## Residential Card 1



| | | |
|---|---|---|
| **A** | MAIN | 862 square feet |
| **B** | OFP OPEN FRAME PORCH | 16 square feet |
| **C** | WDDCK WOOD DECKS | 180 square feet |

# Parcel Images





04/15/2011

# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie**
**school taxes, the total for Year 2012 (school tax column) will now include the total amounts**
**for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2019 | 431.79 | 880.97 | 0 | 0 | 1312.76 |
| 2018 | 409.10 | 880.22 | 1269.65 | 0 | 2558.97 |
| 2017 | 409.10 | 880.97 | 1263.34 | 0 | 2553.41 |
| 2016 | 390.20 | 880.97 | 1257.05 | 0 | 2528.22 |
| 2015 | 372.81 | 880.97 | 1257.05 | 0 | 2510.83 |
| 2014 | 372.81 | 820.48 | 1257.05 | 0 | 2450.34 |
| 2013 | 372.81 | 820.48 | 1257.05 | 0 | 2450.34 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2012 | 325.19 | 704.13 | 2016.98 | 0 | 3046.30 |
| 2011 | 325.19 | 615.44 | 956.89 | 0 | 1897.52 |
| 2010 | 325.19 | 615.44 | 917.44 | 0 | 1858.07 |
| 2009 | 292.94 | 615.44 | 917.44 | 0 | 1825.82 |
| 2008 | 279.50 | 615.44 | 917.44 | 0 | 1812.38 |
| 2007 | 266.06 | 615.44 | 917.44 | 0 | 1798.94 |
| 2006 | 266.06 | 548.79 | 917.44 | 0 | 1732.29 |
| 2005 | 251.55 | 521.91 | 882.51 | 0 | 1655.97 |
| 2004 | 251.55 | 521.91 | 882.51 | 0 | 1655.97 |
| 2003 | 247.25 | 532.66 | 882.50 | 0 | 1662.41 |

# Delinquent Taxes

| Tax Year 2007 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 266.06 | 26.61 | 15.37 | 308.04 | 308.04 | 0.00 |
| TWP/BORO/CITY | 615.44 | 61.54 | 35.54 | 712.52 | 712.52 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 917.44 | 91.74 | 52.98 | 1,062.16 | 1,062.16 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 69.00 | 69.00 | 0.00 |
| | | | | **2007 Total Due:** | | **$0.00** |

| Tax Year 2011 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TWP/BORO/CITY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 956.89 | 95.69 | 7.89 | 1,060.47 | 1,060.47 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 36.00 | 36.00 | 0.00 |
| | | | | **2011 Total Due:** | | **$0.00** |

| Tax Year 2016 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TWP/BORO/CITY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 1,257.05 | 125.71 | 82.97 | 1,465.73 | 1,465.73 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| FEES | | | | 103.00 | 103.00 | 0.00 |

**2016 Total Due:  $0.00**

**Grand Total Due:  $0.00**

# Owner Info

**PARCEL ID:** 19-062-006.0-310.00
**OWNER 1:**   PERRY MICHAEL G JR
**OWNER 2:**
**ADDRESS 1:** 1631 W 21ST ST
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:**        ERIE
**STATE:**      PA
**ZIP 1:**        16502
**ZIP 2:**        2118
**LEGAL 1:**    1631 W 21 ST 41X135.1
**LEGAL 2:**
**LEGAL 3:**

# WARRANTY DEED

**THIS WARRANTY DEED** made the _17th_ day of December, in the year of our Lord Two Thousand Twelve (2012).

**BETWEEN:**

> *Cecilia K. Pillar, an unremarried widow, by Robin L. Barthelson, her Power-of-Attorney,* of the Township of Summit, County of Erie and Commonwealth of Pennsylvania, Party of the First Part, Grantor

> **- AND -**

> *Michael G. Perry, Jr.,* of the Township of Summit, County of Erie and Commonwealth of Pennsylvania, Party of the Second Part, Grantee

**WITNESSETH**, that the said Party of the First Part for and in consideration of the sum of

## ONE HUNDRED SEVENTY-FIVE THOUSAND AND 00/100
### - - - ($175,000.00) - - - Dollars

lawful money of the United States to them in hand paid by the said Party of the Second Part, prior to delivery of this Deed, the receipt and payment whereof is hereby acknowledged, have granted, bargained, sold, released and confirmed and by this Deed do grant, bargain, sell, release and confirm unto the said Party of the Second Part, and to their heirs/successors and assigns

> ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE in the Township of Summit, County of Erie and State of Pennsylvania, bounded and described as follows, to-wit: BEGINNING at a point in the center of the Robison Road at the southeast corner of the place of land conveyed to Esther M. Schadl by Deed recorded in the Office of the Recorder of Deeds for Erie County in Deed Book 495, at Page 167 thereof; thence north twenty-six degrees west, one thousand seven hundred forty-nine (1749) feet by land formerly of Martin Haft to a point; thence north six-four degrees west, one hundred and twenty-five (125) feet to a point; thence south twenty-six degrees east one thousand seven hundred forty-nine (1749) feet to the center of the Robison Road; thence along the center of the Robison Road north sixty-four degrees east one hundred and twenty-five (125) feet to the place of beginning. Being a

2012034356

part of Tract No. 370 and being commonly known as 1140
Robison   Road, Erie, Pennsylvania and further identified by
Erie County Tax Index No. (40) 5-70-8.

Being the same premises conveyed to Nicholas J. Pillar and Cecilia K. Pillar, his wife, herein
by Deed dated May 16, 1951 and recorded May 16, 1951 in Erie County Deed Book 593,
at Page 288. The said Nicholas J. Pillar died intestate on May 14, 2000 for which see Death
Certificate on file at the Register of Wills Office, Erie, County, Pennsylvania.

In accordance with Section 405 of Act 97 of 1980, House Bill 1840, the Grantors herein states that
to their actual knowledge no solid waste, including hazardous waste, has ever been disposed on said
property and is not presently being disposed.

Subject to all restrictions, rights-of-way, building lines, leases and oil and gas leases of record and
to all easements and rights-of-way visible and discoverable upon an inspection of the premises.

*TOGETHER* with all and singular the rights, liberties, privileges, hereditaments, improvements, and
appurtenance, whatsoever thereto belonging, and the reversions and remainders, rents, issues and
profits thereof; and also, all of the estate and interest whatsoever of the said Parties of the First Part,
in law or equity, of, in, to or out of the same;

*TO HAVE AND TO HOLD* the same together with the premises hereby granted, or intended so to
be, unto the said Party of the Second Part, his, her, their, its, heirs/ successors and assigns, to the use
of the said Party of the Second Part, his, her, their, its, heirs/successors, and assigns, forever. And
the said Parties of the First Part, his, her, their, its, heirs/successors, executors and administrators,
do/does hereby covenant and agree to and with the said Party of the Second Part, his, her, their, its,
heirs/successors, and assigns, that the said Parties of the First Part, his, her, their, its, heirs/suc-
cessors, and assigns all of the above, together with the above mentioned and described premises,
unto the said Party of the Second Part, his, her, their, its, heirs/successors and assigns, against the
said Parties of the First Part, and his, her, their, its, heirs/successors, and assigns, and against all and
every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof
shall and will warrant *generally* and forever defend by these premises, or any part thereof.

*IN WITNESS WHEREOF*, the said Parties of the First Part have hereunto set their hands and seals
the day and year first above written.

WITNESS:

Robin L. Barthelson as Power-of-Attorney
for Cecilia K. Pillar

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA :

                                       :    SS.

COUNTY OF ERIE                      :

On this 17th day of December, 2012, before me, a Notary Public in and for said County and State, personally appeared **Robin L. Barthelson as Power-of-Attorney for Cecilia K. Pillar, an unremarried widow**, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within document and acknowledge that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Chester J. Vendetti Jr., Notary Public
City of Erie, Erie County
My Commission Expires May 28, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

_____
                     Notary Public

I, CHESTER J VENDETTI JR _____, hereby certify that the residence of the within named Grantees is: 1140 Robison Road, Erie, Pennsylvania 16509.



# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET, P.O. BOX 1849◆ERIE
PENNSYLVANIA 16507 PHONE: (814) 451-6246 FAX:(814) 451-6213
EMAIL: recorder@eriecountygov.org

2012-034356

**PATRICK L. FETZNER**
**CLERK OF RECORDS**

Instrument Number: 2012-034356

Instrument Type: **DEED**

Record Date: 12/18/2012

Record Time: 02:49:58

Receipt No.: 1024896

--- 
## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| DEED | 13.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | 1,750.00 |
| FORT LEBOEUF S.D. | 875.00 |
| SUMMIT TWP | 875.00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |

Recording Page Count:  4

Paid By Remarks: VENDETTI/PERRY
                 SH

Check# 3535          $3,552.50

Total Received........  $3,552.50

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

---

## Certification Page
### DO NOT DETACH
This page is now part of this legal document.

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

2011 Chevrolet Silverado 3500HD Crew Cab LTZ 4WD Prices, Values & Specs - NADAguides    Page 1 of 1

Case 19-10234-TPA    Doc 16    Filed 04/01/19    Entered 04/01/19 11:25:18    Desc Main
NADAguides Value Report    3/8/2019    Document    Page 45 of 157

# 2011 Chevrolet Silverado 3500HD

## Crew Cab LTZ 4WD



## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $18,550 | $20,200 | $21,550 | $25,175 |
| Mileage (0) | N/A | N/A | N/A | N/A |
| Total Base Price | $18,550 | $20,200 | $21,550 | $25,175 |

### Options (change)

| Price + Options | $18,550 | $20,200 | $21,550 | $25,175 |
|---|---|---|---|---|

**Rough Trade-In** - Rough Trade-in values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In** - The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In** - Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail** - Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

© 2019 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *1140 Robison Road Erie, PA 16509 Erie County*  Line from Schedule A/B: *1.1* | $185,000.00 | ■ $23,675.00  ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(1)* |
| *1982 Chevrolet Lindy*  Line from Schedule A/B: *3.3* | $2,500.00 | ■ $2,500.00  ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| *Usual and Ordinary Household Goods and Furnishings*  Line from Schedule A/B: *6.1* | $4,000.00 | ■ $4,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| *Usual and Ordinary Electronics*  Line from Schedule A/B: *7.1* | $1,600.00 | ■ $1,600.00  ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| *Usual and Ordinary Wearing Apparel*  Line from Schedule A/B: *11.1* | $300.00 | ■ $300.00  ☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor 1 | *Michael George Perry, Jr.* | | | Case number (if known) | *19-10234 TPA* |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *3 Dogs*<br>Line from *Schedule A/B*: *13.1* | *$1.00* | ■ *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| *Savings: Savings Account @ Northwest Savings Bank*<br>Line from *Schedule A/B*: *17.1* | *$17,000.00* | ■ *$1,249.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |

3. **Are you claiming a homestead exemption of more than $160,375?**
(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

**2.1** **Erie County Tax Claim Bureau**

Creditor's Name

**Erie County Courthouse
140 West Sixth Street
Room 110
Erie, PA 16501**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**

*430-432 Cascade Street Erie, PA 16507  Erie County Property is owned jointly with Gregory D. Pamula.*

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☒ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

| | | |
|---|---|---|
| *$6,164.39* | *$50,000.00* | *$0.00* |

Debtor 1  **Michael George Perry, Jr.**

First Name | Middle Name | Last Name

Case number (if known)  **19-10234 TPA**

---

| 2.2 | **Erie Federal Credit Union** | | $7,000.00 | $4,000.00 | $3,000.00 |

Creditor's Name

Describe the property that secures the claim:

**2007 Fleetwood Terry**

**3503 Peach Street**
**Erie, PA 16508**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number _____

---

| 2.3 | **M&T Bank** | | $146,134.94 | $185,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**1140 Robison Road Erie, PA 16509**
**Erie County**

**P.O. Box 62182**
**Baltimore, MD**
**21264-2182**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number _____

---

| 2.4 | **M&T Bank** | | $21,469.52 | $20,200.00 | $1,269.52 |

Creditor's Name

Describe the property that secures the claim:

**2011 Chevrolet Silverado 3500**

**P.O. Box 62182**
**Baltimore, MD**
**21264-2182**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number _____

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Debtor 1    **Michael George Perry, Jr.**                                    Case number (if known)    **19-10234 TPA**

First Name          Middle Name          Last Name

---

| 2.5 | **Michael Camesi** | Describe the property that secures the claim: | $66,872.27 | $50,000.00 | $0.00 |

Creditor's Name

> **430-432 Cascade Street Erie, PA 16507  Erie County**
> **Property is owned jointly with Gregory D. Pamula.**

**8657 Perry Highway**
**Erie, PA 16509**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred** _____    **Last 4 digits of account number** _____

---

| 2.6 | **Ocwen Loan Servicing** | Describe the property that secures the claim: | $49,545.03 | $85,000.00 | $0.00 |

Creditor's Name

> **1631 West 21st Street Erie, PA 16502  Erie County; Arrears $4,172 (Credit Report)**
> **This property is being sold on a land contract to Travis Lewis, who owes approximately $75,000.00.**

**P.O. Box 660264**
**Dallas, TX 75266-0264**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset) _____

**Date debt was incurred** _____    **Last 4 digits of account number** _____

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 3 of 6

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1  **Michael George Perry, Jr.**

First Name          Middle Name          Last Name

Case number *(if known)*    **19-10234 TPA**

| 2.7 | **WMC Mortgage Corp.** | | **$1.00** | **$85,000.00** | **$0.00** |
|-----|----|----|----|----|----|

Creditor's Name

**Describe the property that secures the claim:**

> **1631 West 21st Street Erie, PA
> 16502  Erie County
> This property is being sold on a
> land contract to Travis Lewis, who
> owes approximately $75,000.00.**

**P.O. Box 54089
Los Angeles, CA 90054**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)  _____

Date debt was incurred  _____    Last 4 digits of account number  _____

Add the dollar value of your entries in Column A on this page. Write that number here:    **$297,187.15**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    **$297,187.15**

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐  Name, Number, Street, City, State & Zip Code
**Liberty Mortgage Corporation
3818 Liberty Street
Erie, PA 16509**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number  ___

☐  Name, Number, Street, City, State & Zip Code
**M&T Bank
P.O. Box 900
Millsboro, DE 19966**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number  ___

☐  Name, Number, Street, City, State & Zip Code
**M&T Bank
P.O. Box 1288
Buffalo, NY 14240-1288**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number  ___

☐  Name, Number, Street, City, State & Zip Code
**M&T Bank
P.O. Box 619063
Dallas, TX 75261-9063**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number  ___

☐  Name, Number, Street, City, State & Zip Code
**M&T Bank Lending Services
Customer Support
P.O. Box 1288
Buffalo, NY 14240-1288**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number  ___

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1   **Michael George Perry, Jr.**

First Name        Middle Name        Last Name

Case number (if known)   **19-10234 TPA**

---

☐   Name, Number, Street, City, State & Zip Code
**Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**Ocwen
P.O. Box 26646
West Palm Beach, FL 33416**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**Ocwen Loan Servicing LLC
Box #660264
1010 West Mockingbird Lane
Suite 100
Dallas, TX 75247**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**Philip B. Friedman, Esquire
17 West Tenth Street
Erie, PA 16501**

On which line in Part 1 did you enter the creditor?   **2.5**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**Rebecca Solarz, Esquire
KML Law Group
Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**WMC Mortgage Corp.
P.O. Box 54089
Los Angeles, CA 90054**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**WMC Mortgage Corporation
6321 Canoga Avenue
10th Floor
Woodland Hills, CA 91367**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**WMC Mortgage Corporation
1 Ramland Road
Orangeburg, NY 10962**

On which line in Part 1 did you enter the creditor?   **2.6**

Last 4 digits of account number ___

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Michael George Perry, Jr.** | | | Case number (if known) | **19-10234 TPA** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

☐   Name, Number, Street, City, State & Zip Code
**WMC Mortgage Corporation**
**6321 Canoga Avenue**
**10th Floor**
**Woodland Hills, CA 91367**

On which line in Part 1 did you enter the creditor?   **2.7**

Last 4 digits of account number ___

---

☐   Name, Number, Street, City, State & Zip Code
**WMC Mortgage Corporation**
**1 Ramland Road**
**Orangeburg, NY 10962**

On which line in Part 1 did you enter the creditor?   **2.7**

Last 4 digits of account number ___

---

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 6 of 6

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

2012034357

[Space Above This Line For Recording Data]

**Commonwealth of Pennsylvania**
File # ▮▮▮▮▮
Parcel I.D. # (40) 5-70-8

# MORTGAGE

FHA Case No ▮▮▮▮▮



**MIN:** ▮▮▮▮▮

THIS MORTGAGE ("Security Instrument") is made on **December 17, 2012**. The Mortgagor is **Michael G. Perry, Jr., married**, whose address is **1140 Robison Road, Erie, Pennsylvania 16509** ("Borrower"). **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. This Security Instrument is given to **Liberty Mortgage Corporation**, which is organized and existing under the laws of **Pennsylvania**, and whose address is **3818 Liberty Street, Erie, PA 16509** ("Lender"). Borrower owes Lender the principal sum of **One Hundred Seventy One Thousand Eight Hundred Thirty dollars and Zero cents (U.S. $171,830.00).** This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **January 1, 2043.** This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in **Erie** County, Pennsylvania:

### See Legal Description Attached Hereto and Incorporated Herein

which has the address of **1140 Robison Road, Erie, Pennsylvania 16509** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Loan # ▮▮▮▮▮

Initial(s) 

Page 1 of 8

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

Erie County PA Recorder of Deeds    Inst #: 2012-03435    Page 2 of 9

## LEGAL DESCRIPTION

**ALL** that certain piece or parcel of land situate in the Township of Summit, County of Erie and Commonwealth of Pennsylvania, bounded and described as follows, to-wit:

**BEGINNING** at a point in the center of the Robinson Road at the southeast corner of the piece of land conveyed to Esther M. Schadl by Deed recorded in the Office of the Recorder of Deeds for Erie County in Deed Book 495, page 167;

**THENCE** North twenty-six degrees west, one thousand seven hundred forty-nine (1749) feet by land formerly of Martin Haft to a point;

**THENCE** North six-four degrees west, one hundred and twenty-five (125) feet to a point;

**THENCE** South twenty-six degrees east one thousand seven hundred forty-nine (1749) feet to the center of the Robinson Road;

**THENCE** along the center of the Robinson Road north sixty-four degrees east one hundred and twenty-five (125) feet to the place of beginning. Being a part of Tract No. 370;

**HAVING** erected thereon a dwelling being commonly known as 1140 Robinson Road, Erie, Pennsylvania 16509 and bearing Erie County Tax Index No.: (40) 5-70-8;



BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve Permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraph 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender, The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

Loan #

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

   **5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lenders of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

   **6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   **7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), the Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

   **8. Fees.** Lender may collect fees and charges authorized by the Secretary.

Loan #

Initial(s) _MPh_

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waiver its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within () days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to () days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for

Loan #

Initial(s)

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

Loan # ▮▮▮▮▮

Initial(s) _MPL_

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ FHA Rider | ☐ Other [specify]: |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____       _____ 12-17-2012 (SEAL)
                                       Michael G. Perry, Jr.                    -Borrower

_____       _____ (SEAL)
                                                                            -Borrower

                                       _____ (SEAL)
                                                                            -Borrower

                                       _____ (SEAL)
                                                                            -Borrower

CERTIFICATE OF RESIDENCE

I, _CHESTER VENDETTI JR_ do hereby certify that the correct address of the within-named lender is 3818 Liberty Street, Erie, PA 16509, witness my hand this December 17, 2012.

_____
Agent of Lender

COMMONWEALTH OF PENNSYLVANIA

                    ss:

COUNTY OF ERIE

On this **17th day of December, 2012** before me, a Notary public in and for said County and State, personally appeared, **Michael G. Perry, Jr.,** married individual(s) who executed the foregoing instrument and acknowledged the examination and reading of the same and did sign the foregoing instrument, and acknowledged that the same is said individual(s) free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.
My Commission Expires:

_____
Notary Public.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Chester J. Vendetti Jr., Notary Public
City of Erie, Erie County
My Commission Expires May 28, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Loan # ▮▮▮▮▮▮

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

Initial(s) _____



# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET, P.O. BOX 1849◆ERIE
PENNSYLVANIA 16507 PHONE: (814) 451-6246 FAX:(814) 451-6213
EMAIL: recorder@eriecountygov.org

**2012-034357**

PATRICK L. FETZNER
CLERK OF RECORDS

| | |
|---|---|
| Instrument Number: **2012-034357** | Record Date: **12/18/2012** |
| Instrument Type: **MORTGAGE** | Record Time: **02:52:09** |
| | Receipt No.: **1024897** |

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| MORTGAGE | 21.00 |
| MORTGAGE-WRIT | .50 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 3535 | $60.50 |
| Total Received........ | $60.50 |

Recording Page Count:    **9**

Paid By Remarks: VENDETTI/PERRY
SH

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

---

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

201702056456

When Recorded Return To:
M&T BANK
8TH FLOOR-ASSIGNMENTS
P.O. BOX 1850
BUFFALO, NY 14240

## CORPORATE ASSIGNMENT OF MORTGAGE

Erie, Pennsylvania
SELLER'S SERVICING #:0014823082 "PERRY"
SELLER'S LENDER ID#: 137

MIN #: ██████████ SIS #: ██████████

Date of Assignment: September 7th, 2017

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR LIBERTY MORTGAGE CORPORATION ITS SUCCESSORS AND ASSIGNS
Assignee: M&T BANK

I hereby certify the precise address of the within named Assignor is PO BOX 2026, FLINT, MI 48501-2026.

I hereby certify the precise address of the within named Assignee is 1 FOUNTAIN PLAZA, BUFFALO, NY 14203.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC has a physical address at 1901 E Voorhees Street, Suite C, Danville, IL 61834 and a mailing address at P.O. BOX 2026, FLINT, MI 48501-2026

Executed By: MICHAEL G. PERRY, JR., MARRIED To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR LIBERTY MORTGAGE CORPORATION ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 12/17/2012 Recorded: 12/18/2012 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument/Document: 2012-034357 In the County of Erie, State of Pennsylvania.

Property Address: 1140 ROBISON ROAD, ERIE, PA 16509 in the Township of SUMMIT
I do certify that the precise address of M&T BANK is 1 FOUNTAIN PLAZA, BUFFALO, NY 14203
Attested By: _____

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named assignee, the said Mortgage/Deed of Trust/Security Deed (Security Instrument) having an original principal sum of $171,830.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's interest under the Security Instrument.



CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

TO HAVE AND TO HOLD the said Security Instrument, and the said property unto the said assignee forever, subject to the terms contained in said Security Instrument.

IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR LIBERTY MORTGAGE CORPORATION ITS SUCCESSORS AND ASSIGNS
On September 7th, 2017

By: _____
Joshua E Wikman Assistant Secretary

STATE OF New York
COUNTY OF Erie

On the 7th day of September in the year 2017 before me, the undersigned Notary Public in and for said State, personally appeared Joshua E Wikman, Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR LIBERTY MORTGAGE CORPORATION ITS SUCCESSORS AND ASSIGNS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
DANIEL JAQUES
Notary Expires: 08/24/2019 #01JA6329365
Qualified in Erie County

Daniel Jaques
Notary Public, State of New York
Qualified in Erie County
REG # 01JA6329365
My Commission Expires: 08/24/2019

(This area for notarial seal)

## LEGAL DESCRIPTION

ALL that certain piece or parcel of land situate in the Township of Summit, County of Erie and Commonwealth of Pennsylvania, bounded and described as follows, to-wit:

BEGINNING at a point in the center of the Robinson Road at the southeast corner of the piece of land conveyed to Esther M. Schadl by Deed recorded in the Office of the Recorder of Deeds for Erie County in Deed Book 495, page 167;

THENCE North twenty-six degrees west, one thousand seven hundred forty-nine (1749) feet by land formerly of Martin Haft to a point;

THENCE North six-four degrees West, one hundred and twenty-five (125) feet to a point;

THENCE South twenty-six degrees east one thousand seven hundred forty-nine (1749) feet to the center of the Robinson Road;

THENCE along the center of the Robinson Road north sixty-four degrees east one hundred and twenty-five (125) feet to the place of beginning. Being a part of Tract No. 370;

HAVING erected thereon a dwelling being commonly known as 1140 Robinson Road, Erie, Pennsylvania 16509 and bearing Erie County Tax Index No.: (40) 5-70-8;

Loan # 

FHA Pennsylvania Mortgage - HUD Rev. 4/96
Effective 6/96

Initial(s) LPh



# RECORDER OF DEEDS DIVISION

**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246  FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

**KENNETH J. GAMBLE**
Erie County Clerk Of Records

2017-020564

---

Instrument Number: 2017-020564

Instrument Type: ASSIGNMENT/MORTGAG

Record Date: **9/22/2017**

Record Time: **10:14:39**

Receipt No.: **1177189**

---

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASSIGNMENT/MORTGAG | 13.00 |
| ASSIGN/MORT- WRIT | .50 |
| J.C.S. / A.T.J | 35.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |

Check# 7034 ............................ $54.00

Total Received........ $54.00

Recording Page Count: 4

Paid By Remarks: KML LAW GRP/PERRY RJ

---

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

**KENNETH J. GAMBLE**
ERIE COUNTY CLERK OF RECORDS

---

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

Erie County PA Recorder of Deeds    Inst # 201301264722/2013 3:49:24 PM    Page 4 of 11

_____{RECORDING INFORMATION}_____

## PURCHASE MONEY MORTGAGE

**THIS MORTGAGE** is made this 21st day of May, 2013, between the Mortgagor, **MICHAEL G. PERRY** and **GREGORY D. PAMULA**, (herein referred to as "Mortgagor"), and the Mortgagee, **MICHAEL CAMESI**, (herein referred to as "Mortgagee").

**WHEREAS,** Mortgagor is providing security for an indebtedness to Mortgagee in the principal sum of ONE HUNDRED TWENTY THOUSAND AND NO/100THS ($120,000.00) DOLLARS, together with five (5%) percent interest per annum, which indebtedness is evidenced by Mortgagor's Note dated on even day herewith, which is hereby incorporated by reference (herein "Note"), providing monthly payments of principal and interest in the amount of ONE THOUSAND ONE HUNDRED NINE AND 87/100THS ($1,109.87) DOLLARS, on the first (1st) day of each month, beginning June 1, 2013 or on the first (1st) day of the month following the date of approval of the liquor license transfer, whichever last occurs, with the balance of indebtedness, if not sooner paid, with a balloon date, due and payable on May 1, 2018.

Both parties agree the Mortgagors shall pay an additional $10,000.00 to the Mortgagee at the end of the first year, on or before May 20, 2014.

**TO SECURE** to Mortgagee (a) the repayment of the indebtedness evidenced by the Note, and the payment of all other sums, and all renewals, extensions and modifications of the Note and (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Mortgage; and (c) the performance of Mortgagor's covenants and agreements under this Mortgage and the Note. For this purpose, Mortgagor does hereby mortgage, grant and convey to Mortgagee all that certain piece or parcel of land located in the City of Erie, County of Erie, and Commonwealth of Pennsylvania, bounded and described as follows:

**All** that certain piece or parcel of land situate in the City of Erie, County of Erie and Commonwealth of Pennsylvania, bounded and described as follows, to-wit: ALL that certain piece or parcel of land situate in the Fourth Ward of the City of Erie, County of Erie, Commonwealth of Pennsylvania,



bounded and described as follows, to-wit: BEGINNING at the intersection of the West line of Cascade Street, forty-five (45) feet to a point; thence in a Westwardly direction parallel with the North line of West Fifth Street, Sixty-five (65) feet to a point; thence in a Southwardly direction parallel with the North line of Cascade Street, Forty-five (45) feet to a point in the North line of West Fifth Street; thence Eastwardly along the North line of West Fifth Street, Sixty-five (65) feet to the place of beginning. Said premise having erected thereon a frame building commonly known as 430-432 Cascade Street, Erie, PA 16507. Bearing Erie County Tax Index No. (17) 4032-200.

BEING the same premises conveyed to Mortgagor hereto by deed intended to be recorded contemporaneously herewith.

Mortgagor COVENANTS that Mortgagor is lawfully seized of the Property hereby conveyed and has the right to mortgage, grant and convey the Property, that the Property is unencumbered, except for encumbrances of record. Mortgagor will warrant and defend generally the title to the Property against all claims and demands, subject to any declarations, easements, restrictions, or encumbrances of record.

**THIS MORTGAGE** combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

## UNIFORM COVENANTS

Mortgagor and Mortgagee covenant and agree as follows:

1. **Payment of Principal and Interest**. Mortgagor shall promptly pay when due the principal of and any interest on the indebtedness evidenced by the Note.

2. **Real Estate Property Taxes**. The Mortgagor shall pay the real estate property taxes owed on said Property by no later than their due date at face and before penalty. Mortgagor must exhibit paid tax receipts to the Mortgagee on or before December 1st of each year during the term of this Mortgage.

3. **Application of Payments**. Unless applicable law provides otherwise, all payments received by Mortgagee under the Note and paragraph 1 hereof shall be applied by Mortgagee first in payment of amounts payable to Mortgagee as interest payable on the Note, then to any other charges payable under the Note or this Mortgage, then to the principal of the Note.

4.    **Charges; Liens**. Mortgagor shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any, in the manner provided under paragraph 2 hereof or, if not paid in such manner, by Mortgagor making payment, when due, directly to the payee thereof. Mortgagor shall promptly furnish to Mortgagee all notices of amounts due under this paragraph, and in the event Mortgagor shall make payment directly, Mortgagor shall promptly furnish to Mortgagee receipts evidencing such payments. Mortgagor shall promptly discharge any such lien so long as Mortgagor shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Mortgagee, or shall in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

5.    **Hazard Insurance**. Mortgagor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Mortgagee may require and in such amounts and for such periods as Mortgagee may require; provided, that Mortgagee shall not require that the amount of such coverage exceed that amount of coverage required to pay the sums secured by this Mortgage.

The insurance carrier providing the insurance shall be chosen by Mortgagor subject to approval by Mortgagee; provided, that such approval shall not be unreasonably withheld. All premiums on insurance policies shall be paid in the manner provided under paragraph 2 hereof or, if not paid in such manner, by Mortgagor making payment, when due, directly to the insurance carrier.

All insurance policies and renewals thereof shall be in form acceptable to Mortgagee and shall include a standard mortgage clause in favor of and in form acceptable to Mortgagee. Mortgagee shall have the right to hold the policies and renewals thereof, and Mortgagor shall promptly furnish to Mortgagee all renewal notices and all receipts of paid premiums. In the event of loss, Mortgagor shall give prompt notice to the insurance carrier and Mortgagee. Mortgagee may make proof of loss if not made promptly by Mortgagor.

Unless Mortgagee and Mortgagor otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the

excess, if any, paid to Mortgagor. If the Property is abandoned by Mortgagor, or if Mortgagor fails to respond to Mortgagee within 30 days from the date notice is mailed by Mortgagee to Mortgagor that the insurance carrier offers to settle a claim for insurance benefits, Mortgagee is authorized to collect and apply the insurance proceeds at Mortgagee's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless Mortgagee and Mortgagor otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments. If under paragraph 18 hereof the Property is acquired by Mortgagee, all right, title and interest of Mortgagor in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Mortgagee to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments**. Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Mortgagor shall perform all of the Mortgagor's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. If a condominium or planned unit development rider is executed by Mortgagor and recorded together with this Mortgage, the covenants and agreements of such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Mortgage as if the rider were a part hereof.

7. **Protection of Mortgagee's Security**. If Mortgagor fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Mortgagee's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Mortgagee at Mortgagee's option, upon notice to Mortgagor, may make such appearances, disburse such sums and take such action as is necessary to protect Mortgagee's interest, including, but not limited to, disbursement of reasonable attorney's fees and entry upon the Property to make repairs. If Mortgagee required mortgage insurance as a condition of making the loan secured by this Mortgage, Mortgagor shall pay the premiums required to maintain such insurance in effect until

-4-

such time as the requirement for such insurance terminates in accordance with Mortgagor's and Mortgagee's written agreement or applicable law. Mortgagor shall pay the amount of all mortgage insurance premiums in the manner provided under paragraph 2 hereof.

Any amounts disbursed by Mortgagee pursuant to this paragraph 7, with interest thereon, shall become additional indebtedness of Mortgagor secured by this Mortgage. Unless Mortgagor and Mortgagee agree to other terms of payment, such amounts shall be payable upon notice from Mortgagee to Mortgagor requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law. Nothing contained in this paragraph 7 shall require Mortgagee to incur any expense or take any action hereunder.

8. **Inspection**. Mortgagee may make or cause to be made reasonable entries upon and inspections of the Property, provided that Mortgagee shall give Mortgagor notice prior to any such inspection specifying reasonable cause therefor related to Mortgagee's interest in the Property.

9. **Condemnation**. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Mortgagee.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Mortgagor. In the event of a partial taking of the Property, unless Mortgagor and Mortgagee otherwise agree in writing, there shall be applied to the sums secured by this Mortgage such proportion of the proceeds as is equal to that proportion which the amount of the sums secured by this Mortgage immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Mortgagor.

If the Property is abandoned by Mortgagor, or if, after notice by Mortgagee to Mortgagor that the condemnor offers to make an award or settle a claim for damages, Mortgagor fails to respond to Mortgagee within 30 days after the due date such notice is mailed, Mortgagee is authorized to collect and apply the proceeds, at Mortgagee's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless Mortgagee and Mortgagor otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments.

10. **Mortgagor Not Released**. Extension of time for payment or modification of amortization of the sums secured by this Mortgage granted by Mortgagee to any successor in interest of Mortgagor shall not operate to release, in any manner, the liability of the original Mortgagor and Mortgagor's successors in interest. Mortgagee shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Mortgagor and Mortgagor's successors in interest.

11. **Forbearance by Mortgagee Not A Waiver**. Any forbearance by Mortgagee in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Mortgagee shall not be a waiver of Mortgagee's right to accelerate the maturity of the indebtedness secured by this Mortgage.

12. **Remedies Cumulative**. All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

13. **Successors and Assigns Bound; Joint and Several Liability; Captions**. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to the respective successors and assigns of Mortgagee and Mortgagor, subject to the provisions of paragraph 17 hereof. All covenants and agreements of Mortgagor shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

14. **Notice**. All notices shall be given to Mortgagee at:

**Michael Camesi
8657 Perry Highway
Erie, PA 16509**

and to Mortgagor at:

> **Gregory D. Pamula**
> **Michael G. Perry**
> **1863 West 21st Street**
> **Erie, PA 16502**

Except as otherwise provided in this Mortgage, all notices hereunder shall be in writing and shall be deemed to have been duly given for all purposes when delivered in person or when deposited in the United States Mail by registered mail, return receipt requested, or by regular mail with a certificate of mailing, postage prepaid, directed to the party to receive the same at its address stated above, or at such other address as may be substituted by notice given as herein provided.

15. **Uniform Mortgage; Governing Law; Severability**. This form of mortgage combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property. This Mortgage shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provisions of this Mortgage or the Note conflict with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provisions, and to this end the provisions of the Mortgage and the Note are declared to be severable.

16. **Mortgagor's Copy**. Mortgagor shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

17. **Transfer of the Property; Assumption**. If all or any part of the Property or any interest therein is sold or transferred by Mortgagor without Mortgagee's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Mortgagee may, at Mortgagee's option, declare all the sums secured by this Mortgage to be immediately due and payable. Mortgagee shall have waived such option to accelerate if, prior to the sale or transfer, Mortgagee and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Mortgagee and that the interest payable on the sums secured by this Mortgage shall be at such rate as Mortgagee shall request.

If Mortgagee exercises such option to accelerate, Mortgagee shall mail Mortgagor notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Mortgagor may pay the sums declared due. If Mortgagor fails to pay such sums prior to the expiration of such period, Mortgagee may, without further notice or demand on Mortgagor, invoke any remedies permitted by paragraph 18 hereof.

## **NON-UNIFORM COVENANTS**

Mortgagor and Mortgagee further covenant and agree as follows:

18.    **Acceleration; Remedies**.    Upon Mortgagor's breach of any covenant or agreement of Mortgagor in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Mortgagee prior to acceleration shall mail notice to Mortgagor as provided by applicable law specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Mortgagor, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sum secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Mortgagor to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Mortgagee at Mortgagee's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Mortgagee shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorney's fees, and costs of documentary evidence, abstracts and title reports.

19.    **Mortgagor's Right to Reinstate**.    Notwithstanding Mortgagee's acceleration of the sums secured by this Mortgage, Mortgagor shall have the right to have any proceedings begun by Mortgagee to enforce this Mortgage discontinued at any time prior to at least one hour prior to the commence of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Mortgagor pays Mortgagee all sums which would be then due under this Mortgage, the Note and Notes securing Future Advances, if any, had no acceleration occurred; (b)Mortgagor cures all

-8-

breaches of any other covenants or agreements of Mortgagor contained in this Mortgage; (c) Mortgagor pays all reasonable expenses incurred by Mortgagee in enforcing the covenants and agreements of Mortgagor contained in this Mortgage and in enforcing Mortgagee's remedies as provided in paragraph 18 hereof, including, but not limited to, reasonable attorney's fees; and (d) Mortgagor takes such action as Mortgagee may reasonably require to assure that the lien of this Mortgage, Mortgagee's interest in the Property and Mortgagor's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Mortgagor, this Mortgage and the obligations secured hereby shall remain in full force and effect as if not acceleration had occurred.

20.    **Release**. Upon payment of all sums secured by this Mortgage, including all satisfaction fees, Mortgagee shall discharge this Mortgage.

21.    **Mortgagor**. The term Mortgagor as used herein shall mean any undersigned.

IN WITNESS WHEREOF, Mortgagor has executed this Mortgage.

WITNESS:

_____    _____
                                                          Michael G. Perry

_____    _____
                                                          Gregory D. Pamula

-9-

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA        :

                                              : ss.

COUNTY OF ERIE                        :

On this, the 2/ day of May 2013, before me, a Notary Public, the undersigned officer, personally appeared MICHAEL G. PERRY and GREGORY D. PAMULA, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they have executed the foregoing document for the purposes therein contained to the end that it might be recorded as such.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Richard A. Vendetti, Notary Public
City of Erie, Erie County
My commission expires December 03, 2013

## CERTIFICATION OF MORTGAGEE'S ADDRESS

I hereby certify that the address of Mortgagee is:

8657 Perry Hwy.
Erie, PA 16509

_____
Attorney



# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE 140 W. 6TH STREET, ERIE, PA 16501
Mailing Address: P.O. Box 1849, Erie, Pennsylvania 16512
PHONE: (814) 451-6246   FAX: (814) 451-6213
EMAIL: recorder@eriecountygov.org

2013-012647

PATRICK L. FETZNER
CLERK OF RECORDS

**\* CORRECTED \***

| | | |
|---|---|---|
| Instrument Number: 2013-012647 | Record Date: | 5/22/2013 |
| Instrument Type: MORTGAGE | Record Time: | 03:49:24 |
| Indexed Party: PERRY MICHAEL G | Receipt No.: | 1040026 |

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| MORTGAGE | 25.00 |
| MORTGAGE-WRIT | .50 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO_REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 7843 | $64.50 |
| Total Received......... | $64.50 |

Recording Page Count:  11

Paid By Remarks: VENDETTI/PERRY/PAMULA
RS

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

BK 1234 PG 1300

*Patrick L. Lingo*

Tax Parcel
Identification Number:
(19) 6208-310

Return To:
WMC MORTGAGE CORP. -
POST CLOSING

1 RAMLAND RD

ORANGEBURG, NY 10962

ATTN:  (Equity Services)

Prepared By:
TRACEY CARTER

WMC MORTGAGE CORP.

6320 CANOGA AVENUE 10TH
FL (MAILROOM)
WOODLAND HILLS, CA
91367

2005 MAY 17 P 1:37 R

RECORDER OF DEEDS
ERIE COUNTY, PA.

---

[Space Above This Line For Recording Data]

## MORTGAGE

Serv #: ███████████        PERRY JR.
                          Loan # ███████████
                          MIN: ████████████████

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **May 16, 2005**          together with all Riders to this document.

(B) "Borrower" is **MICHAEL G PERRY JR.**

.  Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is **WMC MORTGAGE CORP.**

.  Lender is  **Corporation**                a  organized and existing under the laws of   **CALIFORNIA**                          .  Lender's address is **P.O. BOX 54089, LOS ANGELES, CA 90054-0089**

(E) "Note" means the promissory note signed by Borrower and dated **May 16, 2005**          .  The Note states that Borrower owes Lender **Sixty-Three Thousand Six Hundred And 00/100**

Dollars (U.S. **$63,600.00**          ) plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  **June 1, 2035**

**PENNSYLVANIA** – Single Family – Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**                    **FORM 3039** 1/01
DOCUKPA1                          *(Page 1 of 15 Pages)*
DOCUKPAL.VTX 01/11/2005

71 B
OWB

BK 1234 PG 1301

(F) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider      ☐ Condominium Rider           ☐ Second Home Rider
☐ Balloon Rider             ☐ Planned Unit Development Rider  ☐ Biweekly Payment Rider
☐ 1-4 Family Rider          ☐ Other(s) [specify]

(I) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "**Escrow Items**" means those items that are described in Section 3.

(M) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this

Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the

COUNTY                                              of  ERIE                                              :
(Type of Recording Jurisdiction)                        (Name of Recording Jurisdiction)
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND
KNOWN AS EXHIBIT 'A'.

which currently has the address of  1631 WEST 21ST STREET                                              ,
                                                [Street]
ERIE                                        , Pennsylvania        16502                ("Property Address").
[City]                                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section 3.  Payments due under the Note and this Security Instrument shall be made in U.S. currency.  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender:  (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                FORM 3839 1/01
DOCUKPA3
DOCUKPA3.VTX 01/11/2008                          (Page 3 of 15 Pages)

## Exhibit "A"    BK1234 PG1303

All that certain piece or parcel of land situate in the City of Erie, County of Erie and Commonwealth of Pennsylvania, and being Lot No. Twelve (12) in Block "A" of the Hemmerly & Metz Subdivision, recorded in Erie County Deed Book 224, page 548.

Having erected thereon a dwelling being commonly known as 1631 West 21st Street, Erie, Pennsylvania 16502 and bearing Erie County Tax Index No. (19) 6206-310.

BK1234 PG1304

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    FORM 3039 1/01
DOCUKPA4
DOCUKPA4.VTX 03/11/2005                                  (Page 4 of 15 Pages)

BK1234 PG1305

and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount.  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA.  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  **Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any.  To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  **Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.  This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires.  What Lender requires pursuant to the preceding sentences can change during the term of the Loan.

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                FORM 3039 1/01
DOCUKPA5
DOCUKPA5.VTX 01/11/2005                *(Page 5 of 15 Pages)*

BK1234 PG1306

The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the

PENNSYLVANIA -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          FORM 3039 1/01
DOCUKPA6
DOCUKPA6.VTX 01/11/2005                        *(Page 6 of 15 Pages)*

insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of

disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    FORM 3039 1/01
DOCUKPA8                                                   *(Page 8 of 15 Pages)*
DOCUKPA8.VTX 01/31/2005

Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then d ue, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

PENNSYLVANIA – Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          FORM 3039 1/01
DOCUKPA0
DOCUKPA0.VTX 01/11/2005                                    (Page 9 of 15 Pages)

BK1234 PG1310

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    FORM 3039 1/01
DOCUKPA1C
DOCUKPAA.VTX 01/11/2001    (Page 10 of 15 Pages)

designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            FORM 3039 1/01
DOCUKPA11
DOCUTPAB.VTX 01/11/2005                                *(Page 11 of 15 Pages)*

BK1234 PG1312

is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.  Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred.  However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20.  **Sale of Note; Change of Loan Servicer; Notice of Grievance.**  The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.  There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing.  If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.  If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph.  The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21.  **Hazardous Substances.**  As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances:  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                  FORM 3039 1/01
DOCUKPA12
DOCUKPAC.VTX  01/11/2005                                    *(Page 12 of 15 Pages)*

BK1234 PG1313

which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

BK1234 PG1314

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____     5-16-06
- Borrower - MICHAEL G PERRY JR. - Date -

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      FORM 3039 1/01
DOCUKPA14                                             *(Page 14 of 15 Pages)*
DOCUKPAR.VFX 01/11/2005

BK1234 PG1315

[Space Below This Line For Acknowledgment]

Commonwealth of _Pennsylvania_ ,
County of _Erie_
On this the _16th_ day of _May_ , before me _Barbara W. Shuttle_ ,
the undersigned officer, personally appeared
_Michael G. Perry, Jr._ 

known to me (or satisfactorily proven) to be the person(s) whose          name subscribed to the within
instrument and acknowledged that  _he_  executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

NOTARIAL SEAL  _Barbara W. Shuttle_
BARBARA W. SHUTTLE, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON FEB. 5, 2009

Title of Officer
My Commission Expires: _2-5-09_

CERTIFICATE OF RESIDENCE:  I do hereby certify that the correct address of the within-named lender is
6320 CANOGA AVENUE 10TH FL (MAILROOM), WOODLAND HILLS, CA 91367
, witness my hand this 16th day of May, 2005

_David W. Bradford_
Agent of Lender

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          FORM 3039 1/01
DOCUKPA15
DOCUKPAV.VTX 01/11/2005                (Page 15 of 15 Pages)

BK1234 PG1316

## ADJUSTABLE RATE RIDER
### (6-Month LIBOR Index - Rate Caps)
### (First Business Day of Preceding Month Lookback)

Serv #

PERRY JR
Loan #
MIN :

THIS ADJUSTABLE RATE RIDER is made this **16th** day of **May, 2005** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure the Borrower's Adjustable Rate Note (the "Note") to **WMC MORTGAGE CORP.**

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
**1631 WEST 21ST STREET, ERIE, PA 16502**

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of   **7.450**   %.   The Note provides for changes in the interest rate and the monthly payments, as follows:

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A)   **Change Dates**
The interest rate I will pay may change on the first day of **June, 2007** , and may change on that day every   **6th**   month thereafter. Each date on which my interest rate could change is called a "Change Date."

MULTISTATE ADJUSTABLE RATE RIDER 6-Month LIBOR Index (First Business Day Lookback)–Single Family–
DOCUDOdI                                                     Page 1 of 3
DOCUDQ41.VFX   07/13/2004

 

**(B)    The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C)    Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Seven and One-Fourth**                                            percentage point(s) ( **7.250** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D)    Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **10.450** % or less than **7.450** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) ( **1.000** %) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **13.950** %, or less than **7.450** %.

**(E)    Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)    Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Section 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within

BK 234 PG 318



which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____  5-16-05

- Borrower - MICHAEL G PERRY JR. - Date -

**MULTISTATE ADJUSTABLE RATE RIDER 6-Month LIBOR Index (First Business Day Lookback)--Single Family--**
Page 3 of 3
DOCUDO43
DOCUDQ43.VTX  07/09/2004

8160809

BK1234 PG1319

2005 MAY 17 P 1:38 P

RECORDER OF DEEDS
ERIE COUNTY, PA.

When Recorded Mail To:
WMC MORTGAGE CORP. -
POST CLOSING

1 RAMLAND RD

ORANGEBURG, NY 10962
Attn:    (Equity
         Services)

Prepared By:
TRACEY CARTER

WMC MORTGAGE CORP.

6320 CANOGA AVENUE 10TH
FL (MAILROOM)
WOODLAND HILLS, CA
91367

_____[Space Above This Line For Recording Data]_____

Servicing #: ▮▮▮▮▮▮   **MORTGAGE**   PERRY JR.
                                     Loan #: ▮▮▮▮▮▮▮▮
                                     MIN:
                                     PIN:

    THIS MORTGAGE is made this 16th day of May, 2005                    , between the Mortgagor,
MICHAEL G PERRY JR.

(herein "Borrower"), and the Mortgagee, MERS. "MERS" is Mortgage Electronic Registration Systems, Inc.
MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and
assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. WMC MORTGAGE CORP.

is a corporation organized and existing under the laws of CALIFORNIA                    , whose
address is  P.O. BOX 54089 LOS ANGELES, CA 90054-0089

(herein "Lender").
    WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $15,900.00        , which
indebtedness is evidenced by Borrower's note dated May 16, 2005        and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the
indebtedness, if not sooner paid, due and payable on June 1, 2020        ;
    TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with the interest thereon, advanced in accordance herewith to protect the security of
this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower
does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and
assigns) and to the successors and assigns of MERS the following described property located in the County of
ERIE                                , State of Pennsylvania:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND
KNOWN AS EXHIBIT 'A'.

PENNSYLVANIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT        Form 3839
DOCUPA1
DOCU79AL.VTX  01/07/2005                   Page 1 of 8



## Exhibit "A"    BK 1234 PG 1320

All that certain piece or parcel of land situate in the City of Erie, County of Erie and
Commonwealth of Pennsylvania, and being Lot No. Twelve (12) in Block "A" of the Hemmerly & Metz
Subdivision, recorded in Erie County Deed Book 224, page 548.

Having erected thereon a dwelling being commonly known as 1631 West 21st Street, Erie,
Pennsylvania 16502 and bearing Erie County Tax Index No. (19) 6206-310.

BK1234 PG1321

 which has the address of **1631 WEST 21ST STREET, ERIE**  [Street, City],

Pennsylvania    **16502**                                    (herein "Property Address");
              [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interest granted to Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Mortgage as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Mortgage.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify

PENNSYLVANIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3839
DOCUPA2                                    Page 2 of 8
DOC97PA2.VTX 01/07/2005

BK1234 PG1322

Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 17, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment

BK1234 PG1323




thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

PENNSYLVANIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3839
DOCUTPA4
DOCUTPA4.VTX 01/07/2005                                    Page 4 of 8

BK1234 PG1324

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided by applicable law specifying, among other things; (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to at least one hour before the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

PENNSYLVANIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3839
DOCUPAS
DOCU7883.VTX   01/07/2005                                  Page 5 of 8

BK1234 PG1325

**20. Release.** Upon payment of all sums secured by this Mortgage, this Mortgage and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Mortgage without charge to Borrower. Borrower shall pay any recordation costs.

**21. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

**22. Riders.** REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ Biweekly Payment Rider
☐ 1-4 Family Rider    ☒ Other(s) [specify]

**Balloon Rider**

BK 1234 PG 1326

  

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____    5-16-05

- Borrower - MICHAEL S PERRY JR. - Date -

Witnesses:

_____    _____

PENNSYLVANIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT          Form 3839
DOCUPA7
DOCUPA7.VTX   01/07/2005          Page 7 of 8

BK1234 PG1327

 

[Space Below This Line For Acknowledgment]

Commonwealth of Pennsylvania
County of Erie

On this the 10th day of May, 2005, before me, Barbara W. Shuttle
the undersigned officer, personally appeared

Michael G. Perry, Jr.

known to me (or satisfactorily proven) to be the person(s) whose names(s)   is   subscribed to the within
instrument and acknowledged that   he   executed the same for the purposes herein contained.

In witness whereof, I hereunto set my hand and official seal.

Barbara W. Shuttle

```
NOTARIAL SEAL
BARBARA W. SHUTTLE, NOTARY PUBLIC
ERIE. ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON FEB. 5, 2009
```

Title of Officer

My Commission Expires:   2-5-09

CERTIFICATE OF RESIDENCE:  I do hereby certify that the correct address of the within-named lender is
6320 CANOGA AVENUE 10TH FL (MAILROOM) WOODLAND HILLS CA 91367

witness my hand this 16th   day of May, 2005

David W. Bradford
Agent of Lender

BK1234 PG1328

---

[Space Above This Line For Recording Data

## BALLOON RIDER

Serv #:     PERRY JR<br>Loan #: <br>MIN:

THIS BALLOON RIDER is made this **16th** day of **May, 2005** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to **WMC MORTGAGE CORP.**

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
**1631 WEST 21ST STREET ERIE, PA 16502**

---

[Property Address]

The interest rate stated on the Note is called the "Note Rate". The date of the Note is called the "Note Date". I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder".

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

BALLOON RIDER-MULTISTATE (01/97)<br>DOCUSRH1<br>DOCUSRH1.VTX   07/23/2004                    Page 1 of 2

BK1234 PG1329

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____  5-16-05
- Borrower - MICHAEL G FERRY JR. - Date -

**BALLOON RIDER-MULTISTATE  (01/97)**
DOCUBX02
DOCUBX02.VFX  07/23/2004                    Page 2 of 2

BK1234 PG1300

BK1375 PG1831
Re-Record

035911
Re-Record

Tax Parcel
Identification Number:
(15) 6206-310

Return To:
WMC MORTGAGE CORP. -
POST CLOSING

1 RAMLAND RD

ORANGEBURG, NY 10962
ATTN:   (Equity Services)

Prepared By:
TRACEY CARTER

WMC MORTGAGE CORP.

6320 CANOGA AVENUE 10TH
FL (MAILROOM)
WOODLAND HILLS, CA
91367

2005 MAY 17 P 1:37 R
RECORDER OF DEEDS
ERIE COUNTY, PA.

2006 NOV 13 P 2:05
RECORDER OF DEEDS
ERIE COUNTY, PA.
20

[Space Above This Line For Recording Data]

## MORTGAGE

Serv #: ▮▮▮▮▮▮▮

PERRY JR.
Loan #: ▮▮▮▮▮▮▮
MIN:

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in
Section 16.

(A) "Security Instrument" means this document, which is dated May 16, 2005           together with
all Riders to this document.

(B) "Borrower" is MICHAEL G PERRY JR.

. Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this
Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is WMC MORTGAGE CORP.

. Lender is  Corporation                a organized
and existing under the laws of   CALIFORNIA                . Lender's address is
P.O. BOX 54089, LOS ANGELES, CA 90054-0089

(E) "Note" means the promissory note signed by Borrower and dated May 16, 2005         . The Note
states that Borrower owes Lender
Sixty-Three Thousand Six Hundred And 00/100
Dollars (U.S. $63,600.00       ) plus interest.  Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than   June 1, 2035

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          FORM 3039 1/01
DOCUKPA1
DOCUKPA1.VTX 02/11/2005          (Page 1 of 15 Pages)

*Re-Recorded TO CORRECT Acknowledgement.*

BK1375 PG1846          BK1234 PG1315

[Space Below This Line For Acknowledgment]

Commonwealth of **Pennsylvania**

County of **Erie**

On this the **16th** day of **May 2005**, before me **Barbara W. Shuttle**, the undersigned officer, personally appeared **Michael G. Perry, Jr.**

known to me (or satisfactorily proven) to be the person(s) whose name subscribed to the within instrument and acknowledged that **he** executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

```
NOTARIAL SEAL
BARBARA W. SHUTTLE, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON FEB. 5, 2009
```

*Barbara W. Shuttle*

Title of Officer

My Commission Expires: **2-5-09**

CERTIFICATE OF RESIDENCE:  I do hereby certify that the correct address of the within-named lender is **6320 CANOGA AVENUE 10TH FL (MAILROOM), WOODLAND HILLS, CA 91367**, witness my hand this **16th** day of **May, 2005**

*David W. Bradford*

Agent of Lender

PENNSYLVANIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          FORM 3039 1/01
DOCUKPA15                              *(Page 15 of 15 Pages)*
DOCUKPAP.VTX 01/11/2005

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *19-10234 TPA* |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims       12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ■ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** **Erie County Adult Probation** | Last 4 digits of account number ___ ___ ___ ___ | *$2,379.00* | *$2,379.00* | *$0.00* |
| Priority Creditor's Name | | | | |
| **Erie County Courthouse** | When was the debt incurred? | | | |
| **140 West Sixth Street** | | | | |
| **Erie, PA 16501** | | | | |
| Number Street City State Zip Code | **As of the date you file, the claim is:** Check all that apply | | | |

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

*Judgment*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          49460          Best Case Bankruptcy

Debtor 1    **Michael George Perry, Jr.**                                          Case number *(if known)*    **19-10234 TPA**

---

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number | | **$1.00** | **$1.00** | **$0.00** |

Priority Creditor's Name

**ATTN: Centralized Insolvency Operations**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

Number Street City State Zip Code

When was the debt incurred?    **2018**

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☑ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify _____

---

| 2.3 | **Pa. Dept. of Revenue** | Last 4 digits of account number | | **$25,000.00** | **$25,000.00** | **$0.00** |

Priority Creditor's Name

**Dept. 280946**
**Harrisburg, PA 17128-0946**

Number Street City State Zip Code

When was the debt incurred?    **2018**

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☑ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify _____ **Taxes**

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

**3.   Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

**4.   List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

---

Debtor 1 **Michael George Perry, Jr.**                                                   Case number (if known)    **19-10234 TPA**

---

**4.1** | **AES** | Last 4 digits of account number _____ | **$5,000.00**

Nonpriority Creditor's Name

**P.O. Box 61047**
**Harrisburg, PA 17106**

Number Street City State Zip Code

When was the debt incurred?    **2006**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

**Is the claim subject to offset?**

■ No
□ Yes

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts
□ Other. Specify _____

*Student Loan*

---

**4.2** | **Cavalry SPV I LLC** | Last 4 digits of account number _____ | **$5,045.08**

Nonpriority Creditor's Name

**500 Summit Lake Drive**
**Suite 400**
**Valhalla, NY 10595**

Number Street City State Zip Code

When was the debt incurred?    **2017**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans

**Is the claim subject to offset?**

■ No
□ Yes

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    *Pending Lawsuit*

---

**4.3** | **Chase** | Last 4 digits of account number _____ | **$1.00**

Nonpriority Creditor's Name

**P.O. Box 15123**
**Wilmington, DE 19850-5123**

Number Street City State Zip Code

When was the debt incurred?    **2015**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans

**Is the claim subject to offset?**

■ No
□ Yes

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
□ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    *Credit Report*

---

Debtor 1    *Michael George Perry, Jr.*                                                      Case number *(if known)*    *19-10234 TPA*

---

| 4.4 | *Diversified Adjustment* | Last 4 digits of account number _____ | $544.00 |

Nonpriority Creditor's Name

**600 Coon Rapids Blvd. NW**
**Coon Rapids, MN 55433**

When was the debt incurred?    *2018*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   *Credit Report/National Fuel*

---

| 4.5 | *Gregory D. Pamula* | Last 4 digits of account number _____ | $1.00 |

Nonpriority Creditor's Name

**1101 Hillborn Avenue**
**Erie, PA 16505**

When was the debt incurred?    _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   _____

---

| 4.6 | *Gregory L. Heidt, Esquire* | Last 4 digits of account number _____ | $1.00 |

Nonpriority Creditor's Name

**150 East Eighth Street**
**Suite 1**
**Erie, PA 16501**

When was the debt incurred?    _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   *Estranged Wife's Attorney*

---

Debtor 1    *Michael George Perry, Jr.*    Case number (if known)    *19-10234 TPA*

---

| 4.7 | *James L. Moran, Esquire* | | Last 4 digits of account number _____ | *$1.00* |

Nonpriority Creditor's Name

*3939 W. Ridge Road*
*B27*
*Erie, PA 16506*

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    *Debtor's Divorce Attorney*

---

| 4.8 | *Perry & Pamula, Inc.* | | Last 4 digits of account number _____ | *$1.00* |

Nonpriority Creditor's Name

*430 Cascade Street*
*Erie, PA 16507*

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    _____

---

| 4.9 | *PHEAA* | | Last 4 digits of account number _____ | *$5,000.00* |

Nonpriority Creditor's Name

*P.O. Box 61047*
*Harrisburg, PA 17106*

When was the debt incurred?    *2006*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify    _____

*Student Loan*

---

Debtor 1  **Michael George Perry, Jr.**                                       Case number (if known)    **19-10234 TPA**

---

| 4.10 | **Stephanie A. Perry** | Last 4 digits of account number | $1.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**1129 Brown Avenue**
**2nd Floor**
**Erie, PA 16502**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply

■ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Estranged Wife**

---

| 4.11 | **Tendto Credit Union** | Last 4 digits of account number | $6,896.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**1129 State Street**
**Erie, PA 16501**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    **2013**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Loan**

---

| 4.12 | **Verizon** | Last 4 digits of account number | $63.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**P.O. Box 650584**
**Dallas, TX 75265**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    **2015**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Report**

---

Debtor 1   *Michael George Perry, Jr.*                                                    Case number (if known)   *19-10234 TPA*

---

| 4.1 3 | | | |
|---|---|---|---|

**Verizon Wireless**                                          Last 4 digits of account number _____          **$659.00**

Nonpriority Creditor's Name
**P.O. Box 650051**                                           **When was the debt incurred?**   *2015*
**Dallas, TX 75265**

Number Street City State Zip Code                             **As of the date you file, the claim is:** Check all that apply
**Who incurred the debt?** Check one.

■ Debtor 1 only                                               ☐ Contingent

☐ Debtor 2 only                                               ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only                                 ☐ Disputed

☐ At least one of the debtors and another                    **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community                   ☐ Student loans
debt**
                                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                          report as priority claims

■ No                                                          ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                                        ■ Other. Specify   *Credit Report*

---

| 4.1 4 | | | |
|---|---|---|---|

**Wells Fargo Dealer Services**                              Last 4 digits of account number _____          **$585.00**

Nonpriority Creditor's Name
**P.O. Box 1697**                                             **When was the debt incurred?**   *2015*
**Winterville, NC 28590**

Number Street City State Zip Code                             **As of the date you file, the claim is:** Check all that apply
**Who incurred the debt?** Check one.

■ Debtor 1 only                                               ☐ Contingent

☐ Debtor 2 only                                               ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only                                 ☐ Disputed

☐ At least one of the debtors and another                    **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community                   ☐ Student loans
debt**
                                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                          report as priority claims

■ No                                                          ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                                        ■ Other. Specify   *Credit Report/Charge off*

---

| 4.1 5 | | | |
|---|---|---|---|

**Widget Federal Credit Union**                              Last 4 digits of account number _____          **$507.00**

Nonpriority Creditor's Name
**2154 East Lake Road**                                       **When was the debt incurred?**   *2015*
**Erie, PA 16511**

Number Street City State Zip Code                             **As of the date you file, the claim is:** Check all that apply
**Who incurred the debt?** Check one.

■ Debtor 1 only                                               ☐ Contingent

☐ Debtor 2 only                                               ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only                                 ☐ Disputed

☐ At least one of the debtors and another                    **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community                   ☐ Student loans
debt**
                                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                          report as priority claims

■ No                                                          ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                                        ■ Other. Specify   *Credit Card Purchases*

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address                                 On which entry in Part 1 or Part 2 did you list the original creditor?

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | *Michael George Perry, Jr.* | Case number *(if known)* | *19-10234 TPA* |
|---|---|---|---|

*David J. Apothaker, Esquire*
*520 Fellowship Road C306*
*P.O. Box 5496*
*Mount Laurel, NJ 08054*

Line **4.2** of (*Check one*):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___

---

Name and Address
*Gary V. Skiba, Esquire*
*345 West Sixth Street*
*Erie, PA 16507*

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.10** of (*Check one*):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___

---

Name and Address
*John C. Melaragno, Esquire*
*502 West Seventh Street*
*Erie, PA 16502*

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.10** of (*Check one*):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___

---

Name and Address
*Michael J. Graml, Esquire*
*714 Sassafras Street*
*Erie, PA 16501*

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.5** of (*Check one*):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___

---

Name and Address
*National Fuel*
*1100 State Street*
*P.O. Box 2081*
*Erie, PA 16512*

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (*Check one*):
- ☐ Part 1: Creditors with Priority Unsecured Claims
- ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___

---

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  | Total Claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $ | 0.00 |
|  | 6b. **Taxes and certain other debts you owe the government** | 6b. $ | 27,380.00 |
|  | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $ | 0.00 |
|  | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
|  | 6e. **Total Priority.** Add lines 6a through 6d. | 6e. $ | 27,380.00 |

|  |  |  | Total Claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $ | 10,000.00 |
|  | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ | 0.00 |
|  | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ | 0.00 |
|  | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 14,305.08 |
|  | 6j. **Total Nonpriority.** Add lines 6f through 6i. | 6j. $ | 24,305.08 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1  *Travis Lewis*<br>*1631 West 21st Street*<br>*Erie, PA 16502* | *Land Contract for purchase of 1631 West 21st Street, Erie, Pennsyvlania.  Sold for $75,000.00.  Subject to a mortgage in the amount of $75,000.00.* |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an
  amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| 3.1  *Gregory D. Pamula*<br>*1101 Hillborn Avenue*<br>*Erie, PA 16505* | ■ Schedule D, line  *2.5*<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>*Michael Camesi* |

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td></tr>
</table>

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number<br>(If known) | *19-10234 TPA* |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | *Self Employment Sub-Contractor* | |
| **Employer's name** | *NZone Guidance LLC* | |
| **Employer's address** | *140 Falcon Lane Liberty, TX 70642* | |
| **How long employed there?** | *6 Months* | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2.  $ _____ *0.00* | $ _____ *N/A* |
| 3. | **Estimate and list monthly overtime pay.** | 3.  +$ _____ *0.00* | +$ _____ *N/A* |
| 4. | **Calculate gross income.**  Add line 2 + line 3. | 4.  $ _____ *0.00* | $ _____ *N/A* |

Debtor 1  **Michael George Perry, Jr.**                    Case number *(if known)*  **19-10234 TPA**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $         0.00 | $         N/A |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $         0.00 | $         N/A |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $         0.00 | $         N/A |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $         0.00 | $         N/A |
| 5d. **Required repayments of retirement fund loans** | 5d. | $         0.00 | $         N/A |
| 5e. **Insurance** | 5e. | $         0.00 | $         N/A |
| 5f. **Domestic support obligations** | 5f. | $         0.00 | $         N/A |
| 5g. **Union dues** | 5g. | $         0.00 | $         N/A |
| 5h. **Other deductions. Specify:** | 5h.+ | $         0.00  + | $         N/A |

6. **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $         0.00    $         N/A

7. **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.    7.    $         0.00    $         N/A

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $     9,659.19 | $         N/A |
| 8b. **Interest and dividends** | 8b. | $         0.00 | $         N/A |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $         0.00 | $         N/A |
| 8d. **Unemployment compensation** | 8d. | $         0.00 | $         N/A |
| 8e. **Social Security** | 8e. | $         0.00 | $         N/A |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $         0.00 | $         N/A |
| 8g. **Pension or retirement income** | 8g. | $         0.00 | $         N/A |
| 8h. **Other monthly income. Specify:**  *Land Contract* | 8h.+ | $       700.00  + | $         N/A |

9. **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $    10,359.19    $         N/A

10. **Calculate monthly income.**  Add line 7 + line 9.    10.    $  10,359.19  +  $      N/A  =  $   10,359.19
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                11.  +$         0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $    10,359.19

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

�}■ No.

☐ Yes. Explain:    *The Debtor's monthly is his gross income and does not take into account the appropriate federal, state, and local income taxes.*

**Fill in this information to identify your case:**

Debtor 1   **Michael George Perry, Jr.**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   WESTERN DISTRICT OF PENNSYLVANIA

Case number   **19-10234 TPA**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.   **Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

  ☐ No
  ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.   **Do you have dependents?**   ☐ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents names.

☑ Yes.   Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| *Girlfriend* | *36* | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.   **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.   **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4.   $                1,204.23

**If not included in line 4:**

4a.   Real estate taxes                                    4a.   $   0.00
4b.   Property, homeowner's, or renter's insurance          4b.   $   0.00
4c.   Home maintenance, repair, and upkeep expenses         4c.   $   90.00
4d.   Homeowner's association or condominium dues           4d.   $   0.00
5.   **Additional mortgage payments for your residence,** such as home equity loans   5.   $   0.00

Debtor 1   **Michael George Perry, Jr.**                                          Case number (if known)   **19-10234 TPA**

6.  **Utilities:**
 6a. Electricity, heat, natural gas             6a. $      *500.00*
 6b. Water, sewer, garbage collection          6b. $      *50.00*
 6c. Telephone, cell phone, Internet, satellite, and cable services   6c. $      *325.00*
 6d. Other. Specify:                 6d. $      *0.00*
7.  **Food and housekeeping supplies**          7. $      *800.00*
8.  **Childcare and children's education costs**        8. $      *0.00*
9.  **Clothing, laundry, and dry cleaning**         9. $      *90.00*
10. **Personal care products and services**         10. $      *130.00*
11. **Medical and dental expenses**           11. $      *60.00*
12. **Transportation.** Include gas, maintenance, bus or train fare.
 Do not include car payments.            12. $      *450.00*
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**   13. $      *50.00*
14. **Charitable contributions and religious donations**      14. $      *0.00*
15. **Insurance.**
 Do not include insurance deducted from your pay or included in lines 4 or 20.
 15a. Life insurance              15a. $      *0.00*
 15b. Health insurance             15b. $      *500.00*
 15c. Vehicle insurance             15c. $      *350.00*
 15d. Other insurance. Specify:          15d. $      *0.00*
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
 Specify:                  16. $      *0.00*
17. **Installment or lease payments:**
 17a. Car payments for Vehicle 1          17a. $      *793.59*
 17b. Car payments for Vehicle 2          17b. $      *200.00*
 17c. Other. Specify:             17c. $      *0.00*
 17d. Other. Specify:             17d. $      *0.00*
18. **Your payments of alimony, maintenance, and support that you did not report as
deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**   18. $     *1,451.67*
19. **Other payments you make to support others who do not live with you.**   19. $      *0.00*
 Specify:
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***
 20a. Mortgages on other property         20a. $      *817.09*
 20b. Real estate taxes            20b. $      *0.00*
 20c. Property, homeowner's, or renter's insurance     20c. $      *0.00*
 20d. Maintenance, repair, and upkeep expenses     20d. $      *0.00*
 20e. Homeowner's association or condominium dues    20e. $      *0.00*
21. **Other:** Specify: **Mortgage (430-432 Cascade Street, Erie, PA)**   21. +$     *1,100.00*

22. **Calculate your monthly expenses**
 22a. Add lines 4 through 21.           $     *8,961.58*
 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   $
 22c. Add line 22a and 22b.  The result is your monthly expenses.   $     *8,961.58*

23. **Calculate your monthly net income.**
 23a. Copy line 12 *(your combined monthly income)* from Schedule I.   23a. $    *10,359.19*
 23b. Copy your monthly expenses from line 22c above.    23b. -$     *8,961.58*

 23c. Subtract your monthly expenses from your monthly income.
   The result is your *monthly net income.*       23c. $     *1,397.61*

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
 For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
 ■ No.
 ☐ Yes.   Explain here: **The Debtor lives on the road and buys most of his meals at restaurants.
        The Debtor has a diesel truck, resulting in a higher transportation costs.**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X */s/ Michael George Perry, Jr.*                    X _____
*Michael George Perry, Jr.*                              Signature of Debtor 2
Signature of Debtor 1

Date  *April 1, 2019*                                      Date _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Michael George Perry, Jr.* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10234 TPA* |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ■ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | *$28,977.57* | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1    **Michael George Perry, Jr.**                                        Case number *(if known)*    *19-10234 TPA*

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$14,925.12* | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *Unknown* | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐  No
    ■  Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | *Land Contract* | *$2,100.00* | | |
| **For last calendar year:**<br>(January 1 to December 31, 2018 ) | *Land Contract* | *$8,400.00* | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | *Land Contract* | *$8,400.00* | | |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

    ☐  No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
    ☐  No.    Go to line 7.
    ☐  Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

    ■  Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ☐  No.    Go to line 7.
    ■  Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount paid** | **Amount you still owe** | **Was this payment for ...** |
|---|---|---|---|---|

Debtor 1    *Michael George Perry, Jr.*                    Case number *(if known)*  **19-10234 TPA**

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| *M&T Bank*<br>*P.O. Box 62182*<br>*Baltimore, MD 21264-2182* | *January, February, and March, 2019* | *$0.00* | *$146,134.94* | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| *M&T Bank*<br>*P.O. Box 62182*<br>*Baltimore, MD 21264-2182* | *January, February, and March, 2019* | *$0.00* | *$21,469.52* | ☐ Mortgage<br>■ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| *Erie Federal Credit Union*<br>*3503 Peach Street*<br>*Erie, PA 16508* | *January, February, and March, 2019* | *$0.00* | *$7,000.00* | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>■ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| *Ocwen Loan Servicing*<br>*P.O. Box 660264*<br>*Dallas, TX 75266-0264* | *January, February, and March, 2019* | *$0.00* | *$49,545.03* | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

Debtor 1    **Michael George Perry, Jr.**                                    Case number *(if known)*    **19-10234 TPA**

---

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.    **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐    No
■    Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| *John C. Melaragno, Trustee vs. Perry and Pamula, Inc.; Gregory D. Pamula; and Micheal Perry*<br>*No. 19-1006 TPA* | *Adversary Proceeding-Recovery of Money or Property/Turnover of Property* | *U.S. Bankruptcy Court for the Western District of Pennsylvania*<br>*17 South Park Row*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Pending* |
| *Cavalry SPV I LLC and CitiBank, N.A. vs. Michael G. Perry*<br>*No. 2019-10171* | *Collection* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Pending* |
| *Erie County vs. Michael G. Perry, Jr.*<br>*No. 2017-81075* | *Fine/Adult Probation* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered in the amount of $2,379.00 on April 17, 2017.* |
| *M&T Bank vs. Michael G. Perry, Jr.*<br>*No. 2017-13026* | *Mortgage Foreclosure* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered in the amount of $159,309.82, but vacated on June 6, 2018.* |
| *Michael Camesi vs. Michael G. Perry and Gregory D. Pamula*<br>*No. 2019-10870* | *Confession of Judgment* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered on March 19, 2019 in the amount of $66,872.27.* |

10.    **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■    No. Go to line 11.
☐    Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

---

Debtor 1    **Michael George Perry, Jr.**    Case number *(if known)*    **19-10234 TPA**

---

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

    ■ No
    ☐ Yes. Fill in the details.

    | Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
    |---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

    ■ No
    ☐ Yes

## Part 5:    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

    ■ No
    ☐ Yes. Fill in the details for each gift.

    | Gifts with a total value of more than $600 per Person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
    |---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

    ■ No
    ☐ Yes. Fill in the details for each gift or contribution.

    | Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
    |---|---|---|---|

## Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

    ■ No
    ☐ Yes. Fill in the details.

    | Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
    |---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **_Michael George Perry, Jr._** | Case number *(if known)* | **_19-10234 TPA_** |

---

| **Part 7:** | **List Certain Payments or Transfers** |

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

    ☐ No
    ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **_Quinn, Buseck, Leemhuis, Toohey, & Kroto_**<br>**_2222 West Grandview Boulevard_**<br>**_Erie, PA 16506_** | **_As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $3,500.00, which represents $3,000.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs._** | 3/6/2019 | $3,500.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
    Do not include any payment or transfer that you listed on line 16.

    ■ No
    ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
    Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

    ☐ No
    ■ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **_No relation_** | **_Jet Ski_** | **_$3,500.00_** | **_2016_** |
| **_Jesse Pitaski_** | **_Calzone's House of Pizza_** | **_$10,000.00_** | **_2018_** |
| **_Unknown_** | **_2010 Yamaha 4-Wheeler_** | **_$4,000.00_** | **_2016_** |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

    ■ No
    ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

| Debtor 1 | *Michael George Perry, Jr.* | Case number *(if known)* | *19-10234 TPA* |

---

| **Part 8:** | List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units |

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| *Northwest Bank*<br>*100 Liberty Street*<br>*Drawer 128*<br>*Warren, PA 16365-0128* | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | *2018* | *$500.00* |
| *PNC Bank*<br>*2730 Liberty Avenue*<br>*Pittsburgh, PA 15222* | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | *2015* | *$50.00* |
| *Widget Federal Credit Union*<br>*2154 East Lake Road*<br>*Erie, PA 16511* | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | *2017* | *$300.00* |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

| **Part 9:** | Identify Property You Hold or Control for Someone Else |

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Michael George Perry, Jr.** | | Case number *(if known)* | **19-10234 TPA** |

---

**Part 10:**   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25.  Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

---

**Part 11:**   Give Details About Your Business or Connections to Any Business

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies.  Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| *Calzone's House of Pizza* | *Pizza Shop* | EIN:<br><br>From-To  *2016-2018* |

---

Debtor 1   **Michael George Perry, Jr.**                                    Case number *(if known)*   **19-10234 TPA**

---

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| **Name**<br>**Address**<br>(Number, Street, City, State and ZIP Code) | **Date Issued** |
|---|---|
| | |

---

**Part 12:** **Sign Below**

---

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

*/s/ Michael George Perry, Jr.*
_____                    _____
**Michael George Perry, Jr.**                                            **Signature of Debtor 2**
**Signature of Debtor 1**

Date   **April  1, 2019**                                         Date   _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1    **Michael George Perry, Jr.**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Pennsylvania

Case number   **19-10234 TPA**
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☒ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
- ☐ 3. The commitment period is 3 years.
- ☒ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:   Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☒ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $   **9,659.19** | $   **0.00** |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $   **0.00** | $   **0.00** |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $   **0.00** | $   **0.00** |

5. **Net income from operating a business, profession, or farm**   Debtor 1

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $   **0.00** | | |
| Ordinary and necessary operating expenses | -$   **0.00** | | |
| Net monthly income from a business, profession, or farm | $   **0.00**   Copy here -> | $   **0.00** | $   **0.00** |

6. **Net income from rental and other real property**   Debtor 1

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $   **0.00** | | |
| Ordinary and necessary operating expenses | -$   **0.00** | | |
| Net monthly income from rental or other real property | $   **0.00**   Copy here -> $ |   **0.00** | $   **0.00** |

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 1

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1   **Michael George Perry, Jr.**                                  Case number *(if known)*   **19-10234 TPA**

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you ........................................................... $ 0.00

For your spouse ............................................. $ 0.00

| | | |
|---|---|---|
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ 0.00 |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| *Land Contract* | $ 700.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **10,359.19**  + $ **0.00**  = $ **10,359.19**

Total average monthly income

---

**Part 2:**   Determine How to Measure Your Deductions from Income

12. Copy your total average monthly income from line 11. ...............................................    $ **10,359.19**

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

■ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____   $ _____

_____   $ _____

_____   + $ _____

Total _____   $ **0.00**   Copy here=>   -    **0.00**

14. **Your current monthly income.** Subtract line 13 from line 12.    $ **10,359.19**

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.   Copy line 14 here=> .............................................................................    $ **10,359.19**

Multiply line 15a by 12 (the number of months in a year).    **x 12**

15b.   The result is your current monthly income for the year for this part of the form. ...........................    $ **124,310.28**

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    **page 2**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1   **Michael George Perry, Jr.**                                        Case number (*if known*)   **19-10234 TPA**

---

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.        **PA**

    16b. Fill in the number of people in your household.    **1**

    16c. Fill in the median family income for your state and size of household.    $ **53,803.00**
        To find a list of applicable median income amounts, go online using the link specified in the separate
        instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ☐  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b. ☑  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)** |
|---|---|

18. Copy your total average monthly income from line 11 .    $ **10,359.19**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you
contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your
spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.    –$ **0.00**

    19b. **Subtract line 19a from line 18.**    $ **10,359.19**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b    $ **10,359.19**

        Multiply by 12 (the number of months in a year).    **x 12**

    20b. The result is your current monthly income for the year for this part of the form    $ **124,310.28**

    20c. Copy the median family income for your state and size of household from line 16c    $ **53,803.00**

21. **How do the lines compare?**

    ☐  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

    ☑  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X**  */s/ Michael George Perry, Jr.*
    **Michael George Perry, Jr.**
    Signature of Debtor 1

Date  **April 1, 2019**
    MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1     *Michael George Perry, Jr.*

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Western District of Pennsylvania

Case number    *19-10234 TPA*
(if known)

☐ Check if this is an amended filing

Official Form 122C-2

# Chapter 13 Calculation of Your Disposable Income

04/16

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Deductions from Your Income |
|---|---|

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.    **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

*1*

**National Standards**        You must use the IRS National Standards to answer the questions in lines 6-7.

6.    **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.

$        *647.00*

7.    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Debtor 1   **Michael George Perry, Jr.**                                                    Case number (*if known*)   **19-10234 TPA**

---

| People who are under 65 years of age | | | | | |
|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | **52** | | |
| 7b. | Number of people who are under 65 | X | **1** | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | **52.00** | Copy here=> $ | **52.00** |

| People who are 65 years of age or older | | | | | |
|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | **114** | | |
| 7e. | Number of people who are 65 or older | X | **0** | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | **0.00** | Copy here=> | **0.00** |
| 7g. | **Total.** Add line 7c and line 7f | $ | **52.00** | Copy total here=> $ | **52.00** |

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities - Insurance and operating expenses

■ Housing and utilities - Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.   **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.                                        $    **478.00**

9.   **Housing and utilities - Mortgage or rent expenses:**

9a.   Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.                        $    **728.00**

9b.   Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment | |
|---|---|---|
| ***Erie County Tax Claim Bureau*** | $ | **127.96** |
| ***M&T Bank*** | $ | **1,204.23** |

9b. Total average monthly payment    $  **1,332.19**    Copy here=>   -$  **1,332.19**    Repeat this amount on line 33a.

9c.   Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.                        $  **0.00**    Copy here=> $  **0.00**

10.   **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**                $  **0.00**

Explain why: _____

---

Debtor 1    **Michael George Perry, Jr.** _____    Case number (*if known*)    **19-10234 TPA**

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

☒ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $ _____ **230.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | *2011 Chevrolet Silverado 3500* |
|---|---|---|

13a. Ownership or leasing costs using IRS Local Standard................................................    $ _____ **497.00**

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **M&T Bank** | $ **430.21** |

Total Average Monthly Payment    $ **430.21**    Copy here => -$ **430.21**    Repeat this amount on line 13b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if this number is less than $0, enter $0. .....................    $ **66.79**    Copy net Vehicle 1 expense here =>    $ **66.79**

| Vehicle 2 | Describe Vehicle 2: | |
|---|---|---|

13d. Ownership or leasing costs using IRS Local Standard................................................    $ **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $ |

Total average monthly payment    $ _____    Copy here => -$ **0.00**    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. if this number is less than $0, enter $0. .......................    $ **0.00**    Copy net Vehicle 2 expense here =>    $ **0.00**

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.**    $ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.    $ **0.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1   **Michael George Perry, Jr.**                                          Case number (if known)   **19-10234 TPA**

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. | |
|---|---|---|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes. $ ____0.00____

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ ____0.00____

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.

Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ ____0.00____

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ ____0.00____

20. **Education:** The total monthly amount that you pay for education that is either required:

   ◼ as a condition for your job, or

   ◼ for your physically or mentally challenged dependent child if no public education is available for similar services. $ ____0.00____

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education. $ ____0.00____

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25. $ ____0.00____

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted. +$ ____0.00____

24. **Add all of the expenses allowed under the IRS expense allowances.** $ ____1,473.79____
Add lines 6 through 23.

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test.<br>*Note:* Do not include any expense allowances listed in lines 6-24. |
|---|---|

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

Health insurance $ ____0.00____

Disability insurance $ ____0.00____

Health savings account + $ ____0.00____

Total $ ____0.00____     Copy total here=> $ ____0.00____

Do you actually spend this total amount?
   ☐   No. How much do you actually spend?
   ◼   Yes                                    $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b) $ ____0.00____

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential. $ ____0.00____

| Debtor 1 | **Michael George Perry, Jr.** | Case number *(if known)* | **19-10234 TPA** |

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

   If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

   You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.    $ _____ **0.00**

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $160.42* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

   You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

   * Subject to adjustment on 04/01/19, and every 3 years after that for cases begun on or after the date of adjustment.    $ _____ **0.00**

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

   To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

   You must show that the additional amount claimed is reasonable and necessary.    $ _____ **0.00**

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).    $ _____ **0.00**

   Do not include any amount more than 15% of your gross monthly income.

32. **Add all of the additional expense deductions.**
   Add lines 25 through 31.    $ _____ **0.00**

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   **Mortgages on your home** | **Average monthly payment** |

33a.    Copy line 9b here    => $ **1,332.19**

   **Loans on your first two vehicles**

33b.    Copy line 13b here    => $ **430.21**

33c.    Copy line 13e here    => $ **0.00**

33d.    List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **Erie Federal Credit Union** | **2007 Fleetwood Terry** | ■ No ☐ Yes | $ **116.67** |
| **Michael Camesi** | **430-432 Cascade Street Erie, PA 16507 Erie County Property is owned jointly with Gregory D. Pamula.** | ■ No ☐ Yes | $ **1,100.00** |
| **Ocwen Loan Servicing** | **1631 West 21st Street Erie, PA 16502 Erie County; Arrears $4,172 (Credit Report) This property is being sold on a land contract to Travis Lewis, who owes approximately $75,000.00.** | ☐ No ■ Yes | $ **817.09** |

33e.    Total average monthly payment. Add lines 33a through 33d ............    $ **3,796.16**    Copy total here=>    $ **3,796.16**

Debtor 1    **Michael George Perry, Jr.**

Case number (*if known*)    **19-10234 TPA**

**34.** **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No.    Go to line 35.

■ Yes.    State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | | Monthly cure amount |
|---|---|---|---|---|---|
| **M&T Bank** | **1140 Robison Road Erie, PA 16509 Erie County** | $ **2,839.59** | ÷ 60 = $ | | **47.33** |
| **Ocwen Loan Servicing** | **1631 West 21st Street Erie, PA 16502 Erie County; Arrears $4,172 (Credit Report)** **This property is being sold on a land contract to Travis Lewis, who owes approximately $75,000.00.** | $ **4,172.00** | ÷ 60 = $ | | **69.53** |
| | | $ | ÷ 60 = +$ | | |
| | Total | $ **116.86** | | Copy total here=> $ | **116.86** |

**35.** **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☐ No.    Go to line 36.

■ Yes.    Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ................................................. $ **27,380.00** ÷ 60 $ **456.34**

**36.** **Projected monthly Chapter 13 plan payment** $ **4,369.34**

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts). X **4.80**

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense $ **209.73** | Copy total here=> $ **209.73**

**37.** **Add all of the deductions for debt payment.** $ **4,579.09**
Add lines 33e through 36.

**Total Deductions from Income**

**38.** **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances* $ **1,473.79**

Copy line 32, *All of the additional expense deductions* $ **0.00**

Copy line 37, *All of the deductions for debt payment* +$ **4,579.09**

Total deductions......................................................... $ **6,052.88** | Copy total here=> $ **6,052.88**

| Debtor 1 | **Michael George Perry, Jr.** | Case number (*if known*) | **19-10234 TPA** |
|---|---|---|---|

| **Part 2:** | **Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)** |
|---|---|

39. **Copy your total current monthly income** from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.* $ **10,359.19**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child. $ **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19). $ **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here => $ **6,052.88**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| | $ |
| | $ |
| | $ |
| **Total** $ **0.00** | Copy here=> $ **0.00** |

44. **Total adjustments.** Add lines 40 through 43. => $ **6,052.88**   Copy here=> -$ **6,052.88**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39. $ **4,306.31**

| **Part 3:** | **Change in Income or Expenses** |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1    **Michael George Perry, Jr.**                                    Case number (*if known*)    **19-10234 TPA**

| Part 4: | Sign Below |
|---------|------------|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X   */s/ Michael George Perry, Jr.*

**Michael George Perry, Jr.**
Signature of Debtor 1

Date    *April 1, 2019*
MM / DD / YYYY

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |       |                    |
|---|-------|--------------------|
|   | $200  | filing fee         |
| + | $75   | administrative fee |
|   | $275  | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |       |                    |
|---|-------|--------------------|
|   | $235  | filing fee         |
| + | $75   | administrative fee |
|   | $310  | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/ BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Pennsylvania

In re **Michael George Perry, Jr.**

Case No. **19-10234 TPA**

Chapter **13**

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

■ **FLAT FEE**

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | *4,000.00* |
| Prior to the filing of this statement I have received | $ | *3,000.00* |
| Balance Due | $ | *1,000.00* |

☐ **RETAINER**

For legal services, I have agreed to accept and received a retainer of ............................. $ _____

The undersigned shall bill against the retainer at an hourly rate of ......................... $ _____
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved
fees and expenses exceeding the amount of the retainer.

2.  The source of the compensation paid to me was:

    ■ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor      ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    *As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,000.00, which represents $500.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs. The Debtor has agreed to a flat fee of $4,000.00 for attorney's fees, (subject to any increases approved by the Court in the "no-look fee") for the preparation and filing of the Bankruptcy Petition, Schedules, and related documents, Chapter 13 Plan, Motion for Wage Attachment, as well as the attendance of counsel at the First Meeting of Creditors and Confirmation Hearing. Additional services, such as the filing of Motions to Avoid Liens, Objections to Claim, Motions and/or Complaints for Sale of Personal and/or Real Property, Adversary Proceedings, including but not limited to fraudulent conveyance actions, preference actions, turnover actions, and the defense of Objections to Discharge, the filing of Amended Chapter 13 Plans, and/or the conversion of the case to a Chapter 7 proceeding will be done on an hourly basis of $275.00 per hour additional charge to the Debtor. Any and all additional fees and costs shall be approved by the Court and paid through the Debtor's Chapter 13 Plan.*

In re  **Michael George Perry, Jr.**    Case No.  **19-10234 TPA**
_____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**April  1, 2019**    **/s/ Michael S. JanJanin, Esquire**
_____    _____
*Date*    **Michael S. JanJanin, Esquire 38880**
                                            *Signature of Attorney*
                                            **Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.**
                                            **2222 West Grandview Boulevard**
                                            **Erie, PA 16506**
                                            **(814)833-2222   Fax: (814)833-6753**
                                            *Name of law firm*

# QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
### ATTORNEYS AT LAW

**Michael S. Jan Janin**
mjanjanin@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

March 4, 2019

Michael George Perry, Jr.
1140 Robison Road West
Erie, PA 16509

**Email: gammalogger33@gmail.com**

Dear Michael:

~~You have asked us, the Quinn Law Firm, to represent you in connection with a Chapter 13~~
bankruptcy, and we are pleased to do so.

It is our Firm's practice to confirm in writing (1) the identity of any client whom we undertake to
represent, (2) the nature of our undertaking on behalf of that client and (3) our billing and
payment arrangements with respect to our legal services. We do this to avoid the possibility of
any future misunderstanding about these matters.

We understand that we are being engaged to act as counsel for MICHAEL GEORGE PERRY,
JR. and for no other entity or entities and that we are to file a voluntary Chapter 13 bankruptcy
petition on your behalf in the United States Bankruptcy Court for the Western District of
Pennsylvania, Erie Division.

Our flat fee for a Chapter 13 Bankruptcy is the Court's approved minimum legal fees of $4,000
plus the court approved costs in the amount of $500 (which includes the $310 filing fee, search
fee and other actual out-of-pocket costs) for a total of $4,500. Upon receipt of the completed
bankruptcy schedules and a retainer in the amount of $3,000., we will file a voluntary Chapter 13
Bankruptcy Petition on your behalf in the United States Bankruptcy Court for the Western
District of Pennsylvania, Erie Division. If the Chapter 13 Plan is confirmed, the balance of the
legal fees will be paid by the Chapter 13 Trustee over the life of the Chapter 13 Plan. If the
Chapter 13 Plan is not confirmed, you have no further liability whatsoever for the payment of
legal fees.

This fee includes representing you over the five (5) year life of the Chapter 13 Plan and includes
the filing fee for the preparation and filing of the bankruptcy petition, schedules, and related
documents, chapter 13 plan, and motion for a wage attachment, as well as the attendance of
counsel at the first meeting of creditors and confirmation hearing.



March 4, 2019
Page 2

It is our Firm's policy to require that a retainer be deposited with us to be applied against services and costs incurred. Our retainer in this matter is $3,000. Statements for professional services and related charges, based upon our standard billing practices as described in this letter, will be presented to you and will be payable upon presentation as described above. Your advance payment will be applied by us to any outstanding balances that may be due to us at the time our engagement is concluded or our services terminated. To the extent no amounts are then owing, we will refund such advanced payment to you.

We will seek to keep you informed as to the progress of our engagement. As appropriate, we would expect to send you copies of significant papers prepared or received by us. If you have any question(s) about our services or about the status of our engagement, please feel free to contact me at any time.

We would, at this time, like to confirm that you are in agreement with the matters set forth herein. Therefore, we would ask that you sign and date the enclosed copy of this letter in the spaces provided below and return the same to us for our files. If the foregoing is not in accordance with your understanding of our agreement in any respect, please contact me so that we may address your concerns promptly. We look forward to working for you.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By _____
        Michael S. Jan Janin

ACCEPTED AND ACKNOWLEDGED:

By _____
        Michael George Perry, Jr.

DATE: _____

#1193973

# United States Bankruptcy Court
## Western District of Pennsylvania

In re   **Michael George Perry, Jr.**                                    Case No.   **19-10234 TPA**

                                        Debtor(s)      Chapter   **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **April 1, 2019**                         **/s/ Michael George Perry, Jr.**

                                        **Michael George Perry, Jr.**
                                        Signature of Debtor

AES
P.O. Box 61047
Harrisburg, PA 17106

Cavalry SPV I LLC
500 Summit Lake Drive
Suite 400
Valhalla, NY 10595

Chase
P.O. Box 15123
Wilmington, DE 19850-5123

David J. Apothaker, Esquire
520 Fellowship Road C306
P.O. Box 5496
Mount Laurel, NJ 08054

Diversified Adjustment
600 Coon Rapids Blvd. NW
Coon Rapids, MN 55433

Erie County Adult Probation
Erie County Courthouse
140 West Sixth Street
Erie, PA 16501

Erie County Tax Claim Bureau
Erie County Courthouse
140 West Sixth Street
Room 110
Erie, PA 16501

Erie Federal Credit Union
3503 Peach Street
Erie, PA 16508

Gary V. Skiba, Esquire
345 West Sixth Street
Erie, PA 16507

Gregory D. Pamula
1101 Hillborn Avenue
Erie, PA 16505

Gregory L. Heidt, Esquire
150 East Eighth Street
Suite 1
Erie, PA 16501

Internal Revenue Service
ATTN: Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James L. Moran, Esquire
3939 W. Ridge Road
B27
Erie, PA 16506

John C. Melaragno, Esquire
502 West Seventh Street
Erie, PA 16502

Liberty Mortgage Corporation
3818 Liberty Street
Erie, PA 16509

M&T Bank
P.O. Box 62182
Baltimore, MD 21264-2182

M&T Bank
P.O. Box 900
Millsboro, DE 19966

M&T Bank
P.O. Box 619063
Dallas, TX 75261-9063

M&T Bank
P.O. Box 1288
Buffalo, NY 14240-1288

M&T Bank Lending Services
Customer Support
P.O. Box 1288
Buffalo, NY 14240-1288

Michael Camesi
8657 Perry Highway
Erie, PA 16509

Michael J. Graml, Esquire
714 Sassafras Street
Erie, PA 16501

Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026

National Fuel
1100 State Street
P.O. Box 2081
Erie, PA 16512

Ocwen
P.O. Box 26646
West Palm Beach, FL 33416

```
Ocwen Loan Servicing
P.O. Box 660264
Dallas, TX 75266-0264

Ocwen Loan Servicing LLC
Box #660264
1010 West Mockingbird Lane
Suite 100
Dallas, TX 75247

Pa. Dept. of Revenue
Dept. 280946
Harrisburg, PA 17128-0946

Perry & Pamula, Inc.
430 Cascade Street
Erie, PA 16507

PHEAA
P.O. Box 61047
Harrisburg, PA 17106

Philip B. Friedman, Esquire
17 West Tenth Street
Erie, PA 16501

Rebecca Solarz, Esquire
KML Law Group
Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106

Stephanie A. Perry
1129 Brown Avenue
2nd Floor
Erie, PA 16502

Tendto Credit Union
1129 State Street
Erie, PA 16501

Travis Lewis
1631 West 21st Street
Erie, PA 16502

Verizon
P.O. Box 650584
Dallas, TX 75265

Verizon Wireless
P.O. Box 650051
Dallas, TX 75265
```

Wells Fargo Dealer Services
P.O. Box 1697
Winterville, NC 28590

Widget Federal Credit Union
2154 East Lake Road
Erie, PA 16511

WMC Mortgage Corp.
P.O. Box 54089
Los Angeles, CA 90054

WMC Mortgage Corporation
6321 Canoga Avenue
10th Floor
Woodland Hills, CA 91367

WMC Mortgage Corporation
1 Ramland Road
Orangeburg, NY 10962